COMMONWEALTH OF
PENNSYLVANIA,
Appellee,

v.

Timothy TITUS, Appellant.

Superior Court of Pennsylvania.

Submitted July 29, 2002.
Filed Jan. 23, 2003.

Albert J. Flora, Wilkes–Barre, for appellant.

Frank P. Barletta, Assistant District Attorney, Wilkes–Barre, for Commonwealth, appellee.

Before JOHNSON, HUDOCK and BECK, JJ.

OPINION BY HUDOCK, J.:

¶ 1 Appellant appeals from the judgment of sentence imposed following his guilty plea to two counts of aggravated assault (felonies of the second degree), two counts of simple assault (misdemeanors of the

second degree) and two counts of recklessly endangering another person (misdemeanors of the second degree).[1]

¶ 2 On February 4, 2001, Pennsylvania State Troopers Thomas Blass and David Judge, of the Berwick Barracks, received a warrant for Appellant from the Pennsylvania State Police in Fogelsville. The troopers, in attempting to execute the warrant, received information that Appellant was at the Sunset Bar and Grill in Nescopeck Township, Luzerne County. After locating Appellant in the bar, Appellant accompanied the troopers outside the establishment. Once outside, Appellant stiffened his body and began struggling with the troopers to prevent his being handcuffed and placed in the back seat of the police vehicle. During the struggle, Appellant kicked Trooper Judge in the left upper body area. After Appellant was placed in the vehicle and while being transported, he began banging his head against the seats, rear doors and windows of the vehicle until his nose and mouth were bleeding. Appellant then leaned forward and bit Trooper Blass in the left ear. Trooper Blass pushed Appellant back. Thereafter, Appellant made repeated attempts to bite Trooper Blass. In response, Trooper Blass sprayed Appellant in the face with pepper spray, at which time Appellant spit blood and saliva onto the face of Trooper Blass and repeatedly spat on the back of Trooper Judge's head. Trooper Judge stopped the vehicle, and the troopers exited. Appellant continued to spit blood and saliva throughout the interior of the vehicle. An ambulance was dispatched to the scene to prevent any further contact between the troopers and Appellant's blood and saliva and to treat Appellant for his injuries. In being pulled out of the vehicle, Appellant continued to kick and spit at Trooper Blass. Appellant was then restrained on a stretcher and transported to Berwick Hospital. Once inside the hospital, Appellant was further restrained by Emergency Medical Technician (EMT) Brett Stemrich (Stemrich) and Trooper Judge. Appellant grabbed the shirt of Stemrich with his mouth and attempted to bite him. When Trooper Judge interceded to help Stemrich, Appellant spit blood and saliva onto Trooper Judge's face and shouted that he had AIDS. While being treated at the hospital, Appellant further spit on EMT William Anthony Koss and EMT Frank Adam Jeffery and grabbed the hands of LPN Christy Klinetob and bent her fingers back and to the side.

¶ 3 As a result of this conduct, Appellant was charged with twenty-two counts of aggravated assault, five counts each of simple assault, recklessly endangering another person, and terroristic threats, one count of resisting arrest and two counts of disorderly conduct. On October 30, 2001, as the result of a plea agreement, Appellant pled guilty to two counts of aggravated assault, two counts of simple assault and two counts of recklessly endangering another person, and all other charges were *nolle prossed.* The charges to which Appellant pled guilty were six offenses committed against six separate victims.

¶ 4 On December 19, 2001, after reviewing Appellant's pre-sentence report and hearing testimony from the Court Advocate Program regarding the results of Appellant's mental health evaluation, Appellant was sentenced on each of the aggravated assault convictions to not less than sixteen months nor more than sixty months of incarceration with the sentences to run concurrently. On each simple assault conviction, Appellant was sentenced to not less than nine months nor more than twenty-four months' imprison-

1. 18 Pa.C.S.A. §§ 2702(a)(3), 2701(a)(1) and 2705, respectively.

ment, with these sentences to run concurrent to one another but consecutive to the aggregated assault convictions. Appellant was further sentenced on the reckless endangerment offenses to not less than nine months nor more than twenty-four months' incarceration with the sentences to run concurrently with all other sentences imposed. Thus, Appellant received an aggregate sentence of twenty-five months to eighty-four months' imprisonment. The court further directed that "[Appellant] is to be examined; and any and all medication relative to his emotional needs will be provided by the State" and that Appellant "attend any counseling that may be available during his period of incarceration." N.T., 12/19/01, at 5. Subsequently, Appellant filed a timely post-sentence motion requesting the court to reconsider his sentence on the basis that it was too harsh. The court denied the motion on January 7, 2002. This appeal followed.

¶ 5 On appeal, Appellant's counsel has filed a brief and seeks to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and its Pennsylvania equivalent, *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981). When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. *Commonwealth v. Ferguson*, 761 A.2d 613 (Pa.Super.2000). Thus, we begin by considering counsel's request to withdraw. In order for counsel to withdraw from an appeal pursuant to *Anders* and *McClendon*, the following requirements must be met:

(1) counsel must petition the court for leave to withdraw stating that after

making a conscientious examination of the record it has been determined that the appeal would be frivolous;

(2) counsel must file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or amicus curiae brief; and

(3) counsel must furnish a copy of the brief to defendant and advise him of his right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of the court's attention.

*Ferguson*, 761 A.2d at 616 (citations omitted). After counsel has satisfied these requirements, we must conduct our own review of the trial court proceedings and independently determine whether the appeal is wholly frivolous. *Id.*

¶ 6 In his petition and brief, counsel indicates that he made a conscientious examination of the record, determined that the appeal was frivolous, indicated that he furnished Appellant with a copy of the brief, and stated that he advised Appellant of his rights in lieu of representation.[2] Counsel has substantially complied with the requirements of *Anders*. Therefore, we shall proceed to an independent evaluation of the record to determine the accuracy of counsel's averment that this appeal is wholly frivolous.

¶ 7 Counsel has addressed the single issue of whether the sentence imposed was harsh and excessive. Thus, Appellant is challenging the discretionary aspects of sentencing for which there is no automatic right to appeal. *Commonwealth v. Koren*, 435 Pa.Super. 499, 646 A.2d 1205, 1207 (1994). This appeal is, therefore, more appropriately considered a petition for allowance of appeal.[3] 42 Pa.C.S.A.

---

2. Appellant *did not file a pro se* brief or retain *new counsel for this appeal.*

3. Although there was a negotiated plea in the instant case, there was no agreement as to the sentence to be imposed. Thus, Appellant's

§ 9781(b). Two requirements must be met before a challenge to the judgment of sentence will be heard on the merits. *Koren,* 646 A.2d at 1207. First, the appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. *Id.;* Pa. R.A.P. 2119(f). Second, he must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b); *Commonwealth v. Urrutia,* 439 Pa.Super. 227, 653 A.2d 706, 710 (1995).

¶ 8 The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. *Commonwealth v. Maneval,* 455 Pa.Super. 483, 688 A.2d 1198, 1199–1200 (1997). Generally, however, in order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. *Id.*

¶ 9 While Appellant has set forth the scope and standard of review for discretionary aspect claims in a separate section in his brief, he has failed to include a Rule 2119(f) statement. However, because the Commonwealth does not argue Appellant's noncompliance with Rule 2119(f) and because the requirement of such a statement is procedural and not jurisdictional, "the Commonwealth's failure to object to or otherwise assert the defect in the form of [A]ppellant's brief has resulted in a waiver of the defect." *Commonwealth v. Sanchez,* 372 Pa.Super. 369, 539 A.2d 840, 841 (1988) (quoting *Commonwealth v. Krum,* 367 Pa.Super. 511, 533 A.2d 134,

138 (1987)). Therefore, we will determine whether there is a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

¶ 10 The Commonwealth asserts that Appellant's claim that his sentence was excessive does not raise a substantial question because the sentence was within the statutory limits. Our Supreme Court, however, has recently rejected this argument holding that the appellate courts cannot, as a matter of law, reject excessiveness claims on the basis that the sentence is within the statutory limits. *Commonwealth v. Mouzon,* 571 Pa. 419, 812 A.2d 617, 627–28 (2002). Rather, when an excessiveness claim is raised in cases where the sentence falls within the statutory limits, this Court is to review each claim on a case-by-case basis to determine whether a substantial question has been presented. The Supreme Court explained that while we need not accept bald allegations of excessiveness, where the appellant has provided a plausible argument that a sentence is contrary to the Sentencing Code or the fundamental norms underlying the sentencing process, a substantial question exists, requiring a grant of allowance of appeal of the discretionary aspects of the sentence. *Mouzon,* 812 A.2d at 627.

¶ 11 As stated above, the sole issue on appeal in the present case is "Whether the sentence imposed is harsh and excessive?" Ander's Brief at 2. Because this claim is a bald allegation of excessiveness and does not raise any challenge in the claim itself or in the brief as to a violation of the Sentencing Code or a particular fundamental norm underlying the sentenc-

---

discretionary challenge is properly before us. *See Commonwealth v. Dalberto,* 436 Pa.Super. 391, 648 A.2d 16, 20 (1994) (explaining that, where there are no sentencing restrictions in the plea agreement, the entry of a guilty plea will not preclude a challenge to the discretionary aspects of sentencing).

ing process, we find, pursuant to *Mouzon, supra*, that Appellant's claim does not present a substantial question for our review. Moreover, our independent examination of the record has convinced us that there are no other sentencing claims, not advanced by counsel, that would raise a substantial question to permit review of Appellant's sentence. Finally, our evaluation leads us to conclude that this appeal is frivolous. For these reasons, we grant counsel's request to withdraw.

¶ 12 Petition for allowance of appeal denied. Permission to withdraw as counsel granted.