**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Willie F. PHILLIPS, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 8, 2005.

Filed July 18, 2005.

Paul J. Powers, Mercer, for appellant.

James P. Epstein, Assistant District Attorney, Mercer, for Commonwealth, appellee.

Before: DEL SOLE, P.J., JOYCE and TAMILIA, JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 Willie F. Phillips ("Appellant") appeals the judgment of sentence entered following his conviction of criminal conspiracy. We affirm.

¶ 2 A narcotics agent enlisted the help of an informant, Ms. Arnold, for a sting operation. While the agent was sitting next to Ms. Arnold and at his direction, Ms. Arnold placed a call to Appellant and arranged to buy crack cocaine for $400. At some point during the phone call, the narcotics agent spoke with Appellant who asked the agent whether he was interested in buying painkillers. Within ten minutes, a woman, Ms. Fazio, knocked on Ms. Arnold's door and exchanged more than four grams of cocaine for $400. An agent stationed outside of Ms. Arnold's residence observed Appellant in the car from which this woman alighted.

¶ 3 Appellant and Ms. Fazio were subsequently arrested. Appellant was charged with conspiracy to deliver cocaine, unlawful delivery of cocaine and criminal use of a communication facility. Upon his arrest, Appellant admitted his presence at the

sale and that he had offered painkillers to the narcotics agent, but he stated that the cocaine transaction was solely the province of Ms. Fazio. Meanwhile, Ms. Fazio entered into a plea agreement and testified against Appellant at his trial. Ms. Fazio testified that Appellant received a phone call from Ms. Arnold, that Appellant spoke with the narcotics agent during the course of that call, that Appellant directed her to Ms. Arnold's house, and that Appellant gave her cocaine and instructed her to collect $400 in exchange for it.

¶ 4 Following a jury trial, Appellant was convicted of conspiracy only and received a sentence of four to ten years' imprisonment. This appeal followed, in which he raises the following five issues for our review:

I. Did the Trial Court commit an abuse of discretion warranting the grant of a new trial by overruling Defendant's objection to testimony of Attorney General Agent Larry Shoup regarding statement of Linda Arnold, deceased?

II. Did the Trial Court commit an error of law by denying Defendant's Motions for Judgment of Acquittal at both the close of the Commonwealth's case and at the close of all the evidence because the evidence presented was insufficient to convict Defendant?

III. Was the jury verdict in this matter contrary to the evidence and contrary to the verdict itself in that Defendant was acquitted of the Delivery Charge and convicted of only Conspiracy to Deliver Cocaine?

IV. Was trial attorney Randall Hetrick ineffective for failing to object or take exception to the Trial Court instruction regarding the jury question and for failing to request Juror Number 3, Ms. Jennings, be

removed for dozing off during testimony?

V. Is Defendant's sentence unduly harsh and an abuse of discretion?

Brief for Appellant at 4.

¶ 5 We address these issues in the order in which they have been presented.

¶ 6 Appellant's first issue concerns an evidentiary ruling. Admission of evidence is within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. *Commonwealth v. Begley*, 566 Pa. 239, 780 A.2d 605 (2001). Appellant complains that the trial court erred in permitting the narcotics agents to testify to what Ms. Arnold said in her telephone conversation with Appellant. Specifically, the agent testified that Ms. Arnold placed an order for cocaine and then asked the agent whether he was interested in purchasing painkillers. Appellant objected, citing a hearsay violation. In overruling Appellant's objection, the trial court found that the statement was not being introduced to for the truth of the matter asserted, but only to set the scene for how the agent would later be able to identify Appellant by his voice.

¶ 7 Hearsay is an out-of-court statement offered into evidence to prove the truth of the matter asserted therein. *Commonwealth v. Buchanan*, 456 Pa.Super. 95, 689 A.2d 930 (1997). Statements offered for another purpose are not hearsay and are therefore admissible. *Id.* In *Buchanan*, this Court dealt with a similar situation. The defendant in that case was affiliated with a motorcycle gang. Because the defendant's motorcycle gang had made threats on his life, a potential witness against the defendant requested protection from the Commonwealth in exchange for his testimony. During his testimony, this witness explained this and the defendant objected on the grounds of

hearsay. This Court found that the trial court properly admitted the testimony in question because it was offered not to prove that the motorcycle gang made threats on the witness's life, but rather to explain why the witness testified.

¶ 8 We find that the instant case presents us with an analogous situation. The narcotics agent did not testify as to what Ms. Arnold said to prove that Appellant offered to sell painkillers. Rather, the statement was offered to set up the fact that the agent then spoke with Appellant over the phone, and to explain why the narcotics officer was able to identify Appellant's voice. This is the ground upon which the trial court admitted this testimony, and we cannot find that it abused its discretion in so doing.

¶ 9 Appellant next argues that the trial court erred in denying his motions for acquittal because there was insufficient evidence for a conviction. This is, however, the extent of Appellant's argument. He does not elaborate on this statement in any way; Appellant does not discuss how or why the evidence was insufficient. The failure to include relevant facts for an analysis of the issues precludes review on appeal. *Commonwealth v. Snell*, 811 A.2d 581 (Pa.Super.2002). As such, we find this issue waived for this failure.

¶ 10 Appellant next alleges that he is the victim of an inconsistent verdict because he was convicted of conspiracy to deliver cocaine but acquitted of the delivery charge upon which the conspiracy charge is based. This is the extent of Appellant's argument—that to convict one of conspiracy but acquit on the underlying charge is an impermissible inconsistent verdict. The mere fact that a defendant is acquitted of the underlying charge is irrelevant to guilt on a related conspiracy charge. *Commonwealth v. Johnson*, 719 A.2d 778 (Pa.Super.1998). Inconsistent verdicts will not be disturbed where the

Commonwealth has produced enough evidence of the crime for which the defendant is convicted. *Commonwealth v. Gillen*, 798 A.2d 225 (Pa.Super.2002).

¶ 11 In his fourth issue, Appellant argues that trial counsel was ineffective for failing to object to the instructions given by the trial court in response to a question posed by the jury and also for failing to request that a certain juror be removed for falling asleep during testimony. Generally, allegations of ineffective assistance of counsel are properly raised for the first time on collateral review. *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002). An exception to this rule occurs where the record is fully developed on this issue, *Commonwealth v. Bomar*, 573 Pa. 426, 826 A.2d 831 (2003). Our Supreme Court recently addressed this exception in *Commonwealth v. Davido*, 868 A.2d 431 (Pa.2005). Davido was sentenced to death following his convictions of murder and rape. On appeal, he argued, *inter alia*, that counsel was ineffective for failing to present a motion to suppress certain evidence. The Supreme Court noted that because no motion to suppress had been presented below and no hearing had been held on that issue, the claim was best suited for collateral review. In so concluding, the Court also found that the situation did not fit within the *Bomar* exception. The Supreme Court stated, "Although Appellant raised this claim in his Rule 1925 statement and the trial court addressed this ineffectiveness issue in its Opinion Pursuant to 1925, there has been no record developed 'devoted to the ineffectiveness claims.' Rather, the trial court relied on evidence from the existing record in support of denying this claim." *Id.* at 441 n. 16 (internal citations omitted).

¶ 12 In the case presently before the Court, no record was developed specifically with regard to Appellant's allegations of

ineffective assistance of counsel. We are therefore unable to review these issues; Appellant must wait and raise them under the PCRA.

 ¶ 13 Finally, Appellant challenges the discretionary aspects of his sentence. Before this Court can review the discretionary aspects of a sentence, the appealing party must set forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence in the appellate brief, as per Pa.R.A.P. 2119(f). *Commonwealth v. Titus,* 816 A.2d 251 (Pa.Super.2003). Secondly, the appealing party must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. *Id.*

 ¶ 14 Appellant did include a statement as required by Pa.R.A.P. 2119(f), and so we examine its contents to determine whether a substantial question is presented. "The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Id.* at 255. Appellant's 2119(f) statement states simply that his appeal "concerns the minimum sentence being outside the standard range and recommended by the Pennsylvania State Guidelines, as well as the length of the sentence." Brief for Appellant at 18. This does not tell us how the sentencing court's actions breach the Sentencing Code, nor does it tell us how the sentencing court's actions are contrary to the fundamental norms underlying the process of sentencing. This bald assertion of excessiveness does not establish a substantial question for review. *See Titus,* 816 A.2d

251. Accordingly, we do not reach the merits of this claim.

¶ 15 Judgment of sentence affirmed.