J-S34010-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAY ALLEN HALE | |
| Appellant | No. 1222 WDA 2013 |

Appeal from the Judgment of Sentence March 14, 2013
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0002543-2011

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 06, 2014**

Ray Allen Hale appeals from the judgment of sentence imposed March 14, 2013, in the Blair County Court of Common Pleas.  The trial court imposed a mandatory minimum sentence of 25 to 50 years' imprisonment, pursuant to the "three strikes" statute for recidivist sexual offenders,[1] following Hale's jury conviction of one count of indecent assault, graded as a first-degree misdemeanor.[2]  On appeal, Hale argues the trial court erred in imposing the mandatory minimum sentence because (1) the Commonwealth

_____

[1] **See** 42 Pa.C.S. § 9718.2(a)(1) (mandating sentence of at least 25 years' imprisonment for conviction of certain sexual offenses when, at the time of the commission of the offense, the defendant had been previously convicted of one other sexual offense).

[2] 18 Pa.C.S. §§ 3126(a)(7) and (b)(3).

failed to provide Hale with notice of the applicability of the statute prior to trial, and (2) the statute violates his constitutional right against cruel and unusual punishment. For the reasons set forth below, we affirm.

Hale's arrest and conviction are predicated upon the minor victim's allegation that Hale raped her, in front of another minor child, in March of 2011, just prior to her 12th birthday. After the victim reported the assault, Hale was charged with rape, statutory sexual assault, aggravated indecent assault, and indecent assault.[3] Prior to the start of trial on July 18, 2012, the prosecutor informed the trial court that the Commonwealth had made the following plea offer to Hale, which he had previously rejected – in exchange for an open guilty plea to the charge of rape, the Commonwealth would **not** seek the 25-year mandatory minimum sentence. N.T., 7/18/2012, at 4. Upon inquiry by the trial court if Hale had changed his position, defense counsel asked Hale if he was aware of the offer, to which Hale replied, "Yeah, that's what he told me at pre-lim." *Id.* Counsel then asked, "Do you have any interest in pursuing that offer?" to which Hale responded, "No." *Id.* The case then proceeded to trial. At the close of the Commonwealth's case-in-chief, the trial court dismissed the charge of aggravated indecent assault.

_____

[3] 18 Pa.C.S. §§ 3121(c), 3122.1, 3125(b), and 3126(a)(7), respectively.

On July 19, 2012, the jury returned a verdict of not guilty on the charges of rape and statutory assault, and a verdict of guilty on the charge of indecent assault. In a separate question, the jury also determined that the Commonwealth had "not proven" the indecent contact occurred "by touching the [victim]'s sexual organs and parts with the sexual organs and parts of [Hale.]"[4] N.T., 7/19/2012, at 356.

The next day, the Commonwealth provided Hale with written notice of its intention to seek the mandatory minimum 25-year prison term pursuant to 42 Pa.C.S. § 9718.2(a)(1), as this was Hale's second conviction of a sexual offense.[5] On March 8, 2013, the court held a hearing to determine whether Hale met the criteria for classification as a sexually violent predator ("SVP") pursuant to Pennsylvania's Sex Offender Registration and Notification Act ("SORNA").[6] It determined that he did so, and proceeded to

_____

[4] This question was relevant to the grading of the offense. *See* 18 Pa.C.S. § 3126(b)(3)(iii) (stating conviction under subsection (a)(7) is graded as a first degree misdemeanor unless, *inter alia*, "[t]he indecent assault was committed by touching the complainant's sexual or intimate parts with sexual or intimate parts of the person" in which case it is graded as a third-degree felony). Therefore, based upon the jury's finding, Hale's conviction of indecent assault was graded as a first-degree misdemeanor.

[5] Specifically, the Commonwealth alleged Hale had been convicted of incest and indecent assault in 1996. *See* Commonwealth's Notice of Mandatory Sentence, 7/20/2012, at ¶ 3.

[6] We note that SORNA went into effect on December 20, 2012, to replace Pennsylvania's Megan's Law. *See* 42 Pa.C.S. §§ 9799.10-9799.41 (as amended 2011, Dec. 20, P.L. 446, No. 111, § 12).

sentence him to a mandatory minimum 25 to 50 years' imprisonment pursuant to Section 9718.2. Counsel filed a timely post sentence motion, which the trial court denied on July 2, 2013. This timely appeal followed.[7, 8]

Both of the issues raised by Hale on appeal challenge the trial court's imposition of the mandatory 25 to 50 year sentence for his conviction of indecent assault. We note there appears to be no clear consensus as to whether such claims challenge the legality or discretionary aspects of sentencing. *See Commonwealth v. Foster*, 17 A.3d 332, 345 (Pa. 2011) (plurality) (challenge to imposition of mandatory minimum raises legality of sentencing issue) (Per Baer, J., with two justices joining, two justices concurring only in the judgment, and two justices concurring separately). Nevertheless, even if such a claim raises a discretionary claim, Hale preserved his challenges in a post-sentence motion, and we may address them on appeal.[9] *See Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011).

_____

[7] Hale initially filed a *pro se* notice of appeal on March 13, 2013. However, he later asked this Court to dismiss the appeal without prejudice, presumably because counsel had filed a post-sentence motion. On May 22, 2013, this Court quashed the *pro se* appeal as premature.

[8] On September 4, 2013, the trial court ordered Hale to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Hale complied with the trial court's directive and filed a concise statement on September 20, 2013.

[9] Although Hale neglected to include in his appellate brief the requisite statement pursuant to Pa.R.A.P. 2119(f), setting forth the reasons relied

*(Footnote Continued Next Page)*

First, Hale contends the trial court erred in imposing the mandatory minimum "second strike" sentence when he was not provided with notice of the applicability of the statute **before** trial.[10] At the time Hale was convicted of the present offense, Section 9718.2 required the Commonwealth to provide him with notice of its intention to seek the mandatory minimum sentence before trial. **See** 42 Pa.C.S. § 9718.2(c) 2006, Nov. 29, P.L. 1567, No. 178, § 5, effective Jan. 1, 2007. The statute was amended, effective December 20, 2012, to require notice by the Commonwealth "after conviction and before sentencing." 42 Pa.C.S. § 9718.2(c). Hale argues that, while he had notice that the Commonwealth intended to invoke the mandatory minimum "second strike" sentence for the rape charge, "there was no discussion regarding its application to the other charges or, more specifically, to a misdemeanor one Indecent Assault charge." Hale's Brief at 18. He claims that notice of the Commonwealth's intention to seek the 25 year mandatory minimum sentence for the indecent assault charge was

*(Footnote Continued)* ————————————

upon for allowance of appeal, the Commonwealth did not object to this omission. Therefore, we may overlook the defect. **Commonwealth v. Titus**, 816 A.2d 251, 255 (Pa. Super. 2003).

[10] This claim raises a substantial question "that the sentence imposed is … inconsistent with a specific provision of the Sentencing Code," that is, Section 9718.2. **Commonwealth v. Ventura**, 975 A.2d 1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted).

provided only after trial. Accordingly, Hale asserts the trial court was without authority to impose the mandatory minimum sentence in this case.[11]

The trial court addressed this claim in its opinion as follows:

> The current version of 42 Pa.C.S.A. section 9718.2 does not contain the notice requirement. The 2011 version does not specify what manner of notice is required pre-trial, and specifically does not require written notice. In this case, on the first day of trial and before the jury was sworn or any testimony taken, [Hale] was colloquied on the record as to his understanding of the fact that the Commonwealth was making a plea agreement offer to him of an open plea to the charge of Rape of a Child. The Commonwealth's position was that the Commonwealth would not seek the 25-year mandatory sentence for a conviction if he were to plead guilty. The offer would no longer be in effect if [Hale] chose to go to trial. … [Hale] was questioned on the record as to his understanding of the Commonwealth's position, and he indicated … that he was aware of the Commonwealth's offer, was not interested in it, and chose to go to trial.

> The Court finds from the record that the Commonwealth had made its position clear before trial that if [Hale] chose to plead guilty it would not seek the 25-year mandatory minimum at sentencing and that if he went to trial and was convicted they

---

[11] We note that Hale's "second strike" mandatory minimum sentence did not violate the United States Supreme Court's recent decision in ***Alleyne v. United States***, 133 S.Ct. 2151 (2013). This Court has explained that:

> Prior convictions are the remaining exception to ***Apprendi v. New Jersey***, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and ***Alleyne …***, insofar as a fact-finder is not required to determine disputed convictions beyond a reasonable doubt to comport with the Sixth Amendment jury trial right. ***See Almendarez–Torres v. United States***, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

***Commonwealth v. Hale***, 85 A.3d 570, 585 n.13 (Pa. Super. 2014).

would seek that penalty. [Hale] was colloquied under oath and said he understood and still wanted to go to trial. He is not entitled to relief on this claim.

Trial Court Opinion, 10/8/2013, at 5-6 (unnumbered) (record citations omitted).

We agree with the reasoning of the trial court. There is no dispute that, prior to trial, Hale was aware the Commonwealth intended to seek a mandatory minimum 25-year sentence pursuant to the sexual offender recidivist statute, and the Commonwealth had offered to forgo imposition of the mandatory minimum if he entered a guilty plea to rape of a child. In fact, Hale acknowledged on the first day of trial that he was informed of the Commonwealth's plea offer at his preliminary hearing. N.T., 7/18/2012, at 4.

What Hale disputes is the specificity of the Commonwealth's notice. He contends "[t]here is no mention by the Commonwealth or Court that the [25] year mandatory would apply to any of the other charges" except rape. Hale's Brief at 19. Our review of the record, however, reveals that imposition of the mandatory minimum sentence was not specifically tied to the rape charge. Indeed, there is no indication by the Commonwealth that it intended to seek the mandatory minimum **only** with respect to the rape charge. Rather, a plain reading of the statute reveals that a person convicted of **any offense** "set forth in section 9799.14 (relating to sexual offenses and tier system)" may be subject to a mandatory minimum 25-year sentence, "if at the time of the commission of the current offense the person

- 7 -

had previously been convicted of an offense set forth in section 9799.14 or an equivalent crime ….”  42 Pa.C.S. § 9718.2(a).  Accordingly, we agree with the trial court's conclusion that the Commonwealth provided Hale with sufficient notice before trial of its intention to seek a mandatory minimum 25-year sentence pursuant to Section 9718.2.  Therefore, no relief is warranted on his first claim.

Next, Hale contends the application of the “second strike” recidivist statute violated his constitutional right against cruel and unusual punishment.[12]  Specifically, he argues the 25-year mandatory minimum sentence was “grossly disproportionate” to his crime, a first-degree misdemeanor.  Hale's Brief at 12.

Our review of an Eighth Amendment proportionality argument is guided by a three-prong test which requires us to examine:

> (i) the gravity of the offense and the harshness of the penalty;
> (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.

***Commonwealth v. Spells***, 612 A.2d 458, 462 (Pa. Super. 1992) *(en banc)*, quoting ***Solem v. Helm***, 463 U.S. 277, 292 (1983).  “[A] reviewing court is not obligated to reach the second and third prongs of the test unless ‘a threshold comparison of the crime committed and the sentence imposed

_____

[12] This claim raises a substantial question that the sentence imposed is “contrary to the fundamental norms underlying the sentencing process.” ***Ventura***, ***supra***, 975 A.2d at 1133.

leads to an inference of gross disproportionality.'" ***Commonwealth v. Baker***, 78 A.3d 1044, 1047-1048 (Pa. 2013), *quoting **Spells**, **supra***. Our Supreme Court has explained:

> The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences which are grossly disproportionate to the crime.

***Baker***, ***supra***, 78 A.3d at 1047 (quotation omitted).

With regard to the first prong of the proportionality test, Hale emphasizes that although the jury "must have believed that there was some type of touching, grabbing or fondling which occurred[,]" they "clearly disbelieved the complainant's claim of sexual intercourse." Hale's Brief at 13. Further, he states because the statutory maximum for a first degree misdemeanor is only five years, the 25 to 50 year sentence imposed represents a "tenfold increase in his potential sentence." ***Id.*** at 14 Therefore, Hale asserts a comparison of the crime committed, a first degree misdemeanor for inappropriate touching, with the sentence imposed, 25 to 50 years' imprisonment, "raises an inference of gross disproportionality" sufficient to proceed to the second and third prongs of the test. ***Id.*** at 13-14.

The Supreme Court considered a similar challenge in ***Baker***, ***supra***, which we find to be instructive. In that case, the defendant was convicted of 29 counts of sexual abuse of children and one count of criminal use of a communication facility, for his possession and distribution of child pornography. Because he had been previously convicted of possession of

child pornography, the defendant was sentenced to a mandatory minimum term of 25 to 50 years' imprisonment pursuant to the "second strike" provision of Section 9718.2. On appeal, he argued his sentence violated the prohibition against cruel and unusual punishment. A panel of this Court affirmed his judgment of sentence, determining that the defendant had "failed to show that the length of his sentence raised an inference of gross disproportionality when compared to the gravity of his crime." *Id.* at 1047. Thereafter, the Supreme Court granted allowance of appeal, and affirmed.

The Supreme Court first emphasized that "successful [gross disproportionality] challenges are extremely rare[,]" noting the only successful challenge in the United States Supreme Court involved a sentence of life imprisonment, without the possibility of parole, for a defendant who was convicted of passing a bad check in the amount of $100. *Id.*, *citing* ***Solem***, ***supra***. Although the bad check charge was the defendant's seventh non-violent conviction, the United States Supreme Court "concluded that the impossibility of parole was a determinative factor in judging the punishment to be disproportionate to the crime." *Id.* at 1048. The ***Baker*** Court recognized, however, that the United States Supreme Court had upheld the constitutionality of other lengthy sentences for seemingly minor crimes. *Id.* at 1049, *citing* ***Ewing v. California***, 538 U.S. 11 (2003) ("three strikes" sentence of 25 years to life for theft of three golf clubs was constitutional) and ***Hutto v. Davis***, 454 U.S. 370 (1982) (sentence of 40 years'

imprisonment for possession with intent to deliver nine ounces of marijuana was constitutional).

With regard to the sentence on appeal, the **Baker** Court rejected the argument of the defendant and his amicus[13] that his crime involved the "simple possession of so-called 'dirty pictures' where there is no direct victim." **Id.** at 1051. Rather, the Court characterized the defendant's crime as "a very serious and grave offense." **Id.** at 1052. The Court explained:

> It bears repeating here that Appellant was sentenced under a recidivist sentencing scheme. The fact that Appellant is a repeat offender certainly goes to the gravity of his instant offense. Equally importantly, we cannot view Appellant's crimes as he suggests, in a manner that detaches them from the devastating victimization that child pornography produces. Appellant's participation in the criminal subculture of viewing images of child sexual abuse for personal gratification is part and parcel of that victimization. Appellant's crime is his continued participation as an enabler of sexual crimes against children via his status as a possessor of child pornography. **Although Appellant did not personally commit the underlying sexual abuse, he was certainly a willing voyeuristic participant in its commission after the fact, and it is his demand to possess images of child sexual abuse which permits and, to an extent, causes, the production of child pornography.** It is unacceptably inaccurate to characterize or label Appellant's crime as the simple possession of "dirty pictures" or the use of an outlaw product. His crime is more accurately understood as secondary or indirect participation in the sexual abuse and exploitation of innocent children for personal gratification. That is a very serious and grave offense. **It is certainly no less grave than receiving $120.75 by false pretenses or**

_____

[13] The Defender Association of Philadelphia filed an amicus brief on the defendant's behalf. **Id.** at 1048.

**shoplifting three golf clubs, recidivist offenses for which lengthier sentences of imprisonment than that imposed here were upheld against Eighth Amendment challenges by the Supreme Court of the United States.**

*Id.* at 1051-1052 (internal citations and footnote omitted) (emphasis supplied).

Finally, the ***Baker*** Court noted the sentence, although lengthy, was "not tantamount to a life sentence without the possibility of parole[,]" such as the sentence the United States Supreme Court struck down in ***Solem***. *Id.* at 1052. The Court explained the defendant would be 56 years old at the expiration of his minimum term. *Id.* Accordingly, the ***Baker*** Court concluded that "a threshold comparison" of the gravity of the defendant's offense against the length of his sentence did not "lead to an inference of gross disproportionality." *Id. **See also Commonwealth v. Barnett***, 50 A.3d 176 (Pa. Super. 2012) (rejecting 8th Amendment challenge to mandatory minimum 25-year sentence for recidivist sexual offender of two victims convicted of two counts each of unlawful contact with a minor, indecent assault and corruption of minor; finding no inference of gross disproportionality from the fact that jury acquitted defendant of rape and aggravated indecent assault, the most serious offense was graded as a third degree felony, defendant would not be eligible for parole until he was 95 years old, and defendant presented character testimony).

We find the same reasoning in ***Baker*** applicable here. While Hale attempts to downplay his culpability by emphasizing the crimes for which he was acquitted, he cannot escape the fact that the jury convicted him of

indecent assault against a minor. With respect to this conviction, the jury determined, beyond a reasonable doubt, that Hale had "indecent contact with the [victim], cause[d] the [victim] to have indecent contact with [him] or intentionally cause[d] the [victim] to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in [himself] or the [victim]… and the [victim was] less than 13 years of age." 18 Pa.C.S. § 3126(a)(7). "Indecent contact" is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101. The fact that his crime was graded as a misdemeanor is not dispositive. Indeed, the jury found he **directly participated** in a sexual offense against an innocent child.

Furthermore, Hale was sentenced pursuant to a recidivist statute. As the Supreme Court noted in **Baker**, "[t]he fact that [Hale] is a repeat offender certainly goes to the gravity of the instant offense." **Baker**, **supra**, 78 A.3d at 1051. Moreover, Hale was determined to be a sexually violent predator pursuant to SORNA. While we recognize Hale will be 79 years old when he is first eligible for parole,[14] the court did **not** impose a life sentence without the possibility of parole. **See Barnett**, **supra** at 202 (finding the

_____

[14] The record reveals that Hale, who was born in 1957, was incarcerated on December 1, 2011 for the instant offense, and was unable to post bail. Therefore, his earliest possible parole date will be in 2036.

fact that defendant would be 95 years old when first eligible for parole "a mixed bag of considerations concerning proportionality."). Certainly, Hale's offense is no less grave then the convictions of possession of child pornography in **Baker**, and theft of golf clubs in **Ewing**.

Therefore, because we conclude Hale's sentence was not grossly disproportionate to the crime for which he was convicted, we need not address the remaining prongs of his proportionality argument,[15] and we agree with the ruling of the trial court that Hale's sentence was not violative of his constitutional right against cruel and unusual punishment.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/06/2014

---

[15] **See Spells**, **supra**.