J-S51027-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| STEPHEN CRAIG FESSLER | |
| Appellee | No. 2249 MDA 2013 |

Appeal from the Judgment of Sentence October 31, 2013
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0001141-2013

BEFORE:  BOWES, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 26, 2014**

The Commonwealth appeals from the judgment of sentence imposed on Stephen Craig Fessler by the Berks County Court of Common Pleas.  On October 31, 2013, Fessler entered a guilty plea to one count of driving under the influence of alcohol (DUI),[1] and was sentenced to six months' intermediate punishment (IP), and 60 days' incarceration, with credit for 60 days Fessler spent in a Berks County residential treatment facility.  On appeal, the Commonwealth argues the court erred in failing to sentence Fessler to a mandatory 90 days' incarceration pursuant to 75 Pa.C.S. § 3804(c)(2)(i), and in failing to impose a five year maximum sentence

---

[1] 75 Pa.C.S. § 3802(a)(1).

pursuant to 75 Pa.C.S. § 3804(d). For the reasons set forth below, we affirm the judgment of sentence, but remand for correction of the record.

The facts underlying Fessler's arrest are undisputed. Officer Ronald Tobias conducted a legal traffic stop of Fessler. During the stop, Officer Tobias suspected Fessler was intoxicated. The officer proceeded to conduct field sobriety tests, which Fessler failed. After he was taken into custody, Fessler refused blood testing. He was subsequently charged with DUI, and two summary traffic offenses.[2] On October 31, 2013, Fessler entered a guilty plea to one count of DUI. Because this was Fessler's second DUI conviction, and Fessler had refused chemical testing, the Commonwealth requested the court impose a five-year term of IP, with 90 days' incarceration. N.T., 10/31/2013, at 5. However, the trial court made the following findings at sentencing:

> [I]n reliance on the Superior Court case involving the refusal enhancement,[3] this Court deems Count 1 to be an ungraded misdemeanor and that the maximum sentence in regard to the charge is six months and not five years.

---

[2] Fessler's DUI charge was graded as a first degree misdemeanor pursuant to 75 Pa.C.S. § 3803(b)(4) ("An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, … and who has one or more prior offenses commits a misdemeanor of the first degree.").

[3] Although the Superior Court decision was never specifically identified by the trial court at sentencing, we presume the court was referring to this Court's recent decision in **Commonwealth v. Musau**, 69 A.3d 754 (Pa. Super. 2013).

> The Court also indicates of record that the Superior Court's decision allows for no discretion on the part of the Trial Court.

*Id.* at 8. The court then proceeded to sentence Fessler to term of six months' county IP, in addition to 60 days' imprisonment, with credit for 60 days Fessler served in a residential treatment facility. The Commonwealth filed a timely motion to modify the sentence, which the court denied on November 19, 2013. This appeal followed.[4]

On appeal, the Commonwealth challenges the trial court's refusal to impose a mandatory minimum sentence, as well as the court's failure to comply with the statutory requirements regarding the maximum sentence applicable to Fessler's IP term. We note there appears to be no clear consensus as to whether such claims challenge the legality or discretionary aspects of sentencing. *See Commonwealth v. Foster*, 17 A.3d 332, 345 (Pa. 2011) (plurality) (challenge to imposition of mandatory minimum raises legality of sentencing issue) (Per Baer, J., with two justices joining, two justices concurring only in the judgment, and two justices concurring separately). Nevertheless, even if we determine the Commonwealth's issues raise discretionary claims, the Commonwealth preserved its challenges in a

---

[4] On January 15, 2014, the trial court ordered the Commonwealth to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The Commonwealth complied with the court's directive and filed a concise statement on January 22, 2014.

post-sentence motion, and we may address them on appeal.[5] **See Commonwealth v. Dunphy**, 20 A.3d 1215, 1220 (Pa. Super. 2011).

In its first issue, the Commonwealth argues the trial court erred in failing to impose the 90-day mandatory minimum prison term, as required by Section 3804(c)(2)(i),[6] for individuals who refuse chemical testing and have at least one prior DUI conviction.

"This case involves the interplay between the mandatory sentencing provisions of the DUI statute and the discretionary sentencing provisions of the Sentencing Code[.]" **Commonwealth v. Williams**, 941 A.2d 14, 21 (Pa. Super. 2008). "The objective of all statutory interpretation and construction is to effectuate the General Assembly's intent." **Id.** at 25 (citation omitted).

Pursuant to 75 Pa.C.S. § 3804(c)(2)(i), a defendant, like Fessler, who violates Section 3802(a)(1), has a prior DUI conviction, and refuses chemical testing, must "undergo imprisonment of not less than 90 days[.]" However, notwithstanding this mandatory sentencing provision in the Vehicle Code, a

---

[5] Although the Commonwealth neglected to include in its appellate brief the requisite statement pursuant to Pa.R.A.P. 2119(f), setting forth the reasons relied upon for allowance of appeal, Fessler did not object to this omission. Therefore, we may overlook the defect. **Commonwealth v. Titus**, 816 A.2d 251, 255 (Pa. Super. 2003).

[6] This claim raises a substantial question "that the sentence imposed is … inconsistent with a specific provision of the Sentencing Code," that is, Section 3804(c)(2)(i). **Commonwealth v. Ventura**, 975 A.2d 1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted

- 4 -

trial court has the discretion, pursuant to the Sentencing Code, to forgo a sentence of imprisonment, and impose a sentence of county intermediate punishment.

Section 9721 of the Sentencing Code provides trial courts with the following sentencing alternatives:

> **(a) General rule.** -- In determining the sentence to be imposed the court shall, **except as provided in subsection (a.1)**, consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:
>
> (1) An order of probation.
>
> (2) A determination of guilt without further penalty.
>
> (3) Partial confinement.
>
> (4) Total confinement.
>
> (5) A fine.
>
> **(6) County intermediate punishment.**
>
> (7) State intermediate punishment.
>
> **(a.1) Exception.**—
>
> (1) **Unless specifically authorized under section 9763** (relating to a sentence of county intermediate punishment) or 61 Pa.C.S. Ch. 41 (relating to State intermediate punishment), **subsection (a) shall not apply where a mandatory minimum sentence is otherwise provided by law.**

42 Pa.C.S. § 9721(a)-(a.1) (emphasis supplied).

Section 9763 authorizes a trial court to sentence a defendant, subject to the penalties for a first, second, or third DUI conviction set forth in Section 3804, to a term of county IP "after undergoing an assessment under 75 Pa.C.S. § 3814 (relating to drug and alcohol assessments)." 42 Pa.C.S. §

9763(c)(1). Once the assessment is completed, the statute provides as follows:

> (2) **If the defendant is determined to be in need of drug and alcohol treatment**, the defendant may only be sentenced to county intermediate punishment which includes participation in drug and alcohol treatment under 75 Pa.C.S. § 3815(c) (relating to mandatory sentencing). The defendant may only be sentenced to county intermediate punishment in:
>
>> (i) a residential inpatient program or a residential rehabilitative center;
>>
>> (ii) house arrest with electronic surveillance;
>>
>> (iii) a partial confinement program such as work release, work camp and halfway facility; or
>>
>> (iv) any combination of the programs set forth in this paragraph.

42 Pa.C.S. § 9763(c) (2) (emphasis supplied).[7] Section 9763 also restricts the maximum term a trial court may impose for an IP sentence to "the maximum term for which the defendant could be confined." 42 Pa.C.S. § 9763(a).

Based upon the statutory scheme outlined above, we conclude that the trial court was acting within its discretion when it chose to impose a county IP sentence, rather than the 90-day minimum term of incarceration set forth

---

[7] **See also** 42 Pa.C.S. § 9804(b)(5) ("A defendant subject to 75 Pa.C.S. § 3804 (relating to penalties) … may only be sentenced to county intermediate punishment for a first, second or third offense under 75 Pa.C.S. Ch. 38 (relating to driving after imbibing alcohol or utilizing drugs) ….").

in Section 3804(c)(2)(i). Although Fessler, as a second time offender who refused chemical testing, was subject to the mandatory provisions of Section 3804(c)(2), Section 9721(a.1) authorizes a trial court to impose a county IP sentence, notwithstanding the mandatory minimum provisions, if the sentence is sanctioned under Section 9763. Section 9763 expressly permits a trial court to impose a **county IP sentence** on a defendant subject to the penalties for a **second DUI offense** set forth in Section 3804, **so long as the defendant has undergone a drug and alcohol assessment** pursuant to 75 Pa.C.S. § 3814.

Here, Fessler submitted to a drug and alcohol assessment, and was determined to be in need of further treatment. **See** Commonwealth's Motion to Modify Sentence, 11/8/2013, Exhibit A, Treatment Access and Services Center, Inc. (TASC) Recommendation. Therefore, at the time of sentencing, the trial court was acting within its discretion when it imposed a six-month county IP sentence. **See Williams**, **supra**, at 26 (finding trial court acted within its "statutory authority and discretion" when it sentenced defendant, a second-time DUI offender, to county IP, rather than mandatory 30 days' imprisonment pursuant to Section 3804(b)(2), when it determined he was a "eligible offender" pursuant to Section 9804(b)(1)). Accordingly, the Commonwealth's first issue fails.

Next, the Commonwealth argues the trial court erred in failing to impose a maximum term of five years on Fessler's IP sentence. The Commonwealth contends that since Fessler's conviction was graded as a

first-degree misdemeanor pursuant to 75 Pa.C.S. § 3803(b)(4),[8] the statutory maximum sentence that the court could have imposed was five years' incarceration. **See** 18 Pa.C.S. § 1104(1). Moreover, it asserts that because Fessler was "determined to be in need of additional treatment," pursuant to Section 3804(d), the trial court was required to impose "a maximum sentence equal to the statutorily available maximum[,]" which, in this case, was five years. 75 Pa.C.S. § 3804(d).

However, as the Commonwealth acknowledges in its brief, this issue is controlled by the decision in **Commonwealth v. Musau**, 69 A.3d 754 (Pa. Super. 2013). In that case, a panel of this Court considered the interplay between Section 3803(a)(1) and Section 3803(b)(4). As noted **supra**, Section 3803(b)(4) provides that a violation of Section 3802(a)(1) by a defendant who refuses chemical testing and has a prior DUI conviction, is graded as a first-degree misdemeanor. 75 Pa.C.S. § 3803(b)(4). However, subsection (a) of the statute reads as follows:

(a) … **Notwithstanding the provisions of subsection (b)**:

_____

[8] Section 3803(b)(4) provides, in relevant part:

> An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, … and who has one or more prior offenses commits a misdemeanor of the first degree.

75 Pa.C.S. § 3803(b)(4).

(1) An individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) **and has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months** and to pay a fine under section 3804 (relating to penalties).

75 Pa.C.S. § 3803(a) (emphasis supplied). In reconciling these two ostensibly contradictory provisions, the *Musau* Court held that the term "notwithstanding" preceding the language in subsection (a) indicated that the Legislature intended subsection (a) to control for sentencing purposes. The Court opined:

> [W]e hold that the plain language of the statute, giving the words their ordinary meanings, indicates as follows: **regardless of the fact that refusal to submit to blood alcohol testing results** in the grading of the offense as a first degree misdemeanor, **the maximum sentence for a first or second DUI conviction is six months' imprisonment**.

*Musau*, *supra*, 69 A.3d at 758 (emphasis supplied). Furthermore, in addressing the Commonwealth's argument that such an interpretation would render subsection (b) a nullity, the *Musau* Court observed that the Commonwealth "conflate[d] grading and sentencing." *Id.* The Court explained that the Legislature may have intended to increase the **grading** of the offense to a first-degree misdemeanor for purposes of the defendant's criminal record, without increasing the actual **penalty** for the offense. *Id.* Therefore, the *Musau* Court concluded "the maximum sentence allowable for [Musau's] conviction is six months' imprisonment." *Id.*

- 9 -

In the present case, the Commonwealth argues that *Musau* was wrongly decided, and emphasizes that the issue is pending before the Pennsylvania Supreme Court.[9] Nevertheless, because the Supreme Court has not yet ruled upon the issue, our Court's prior decision in *Musau* is binding precedent. *Commonwealth v. Pepe*, 897 A.2d 463, 465 (Pa. Super. 2006). Accordingly, we conclude the trial court did not err in imposing a maximum sentence of six months' county IP.

Although not raised by either party, we are compelled to address the trial court's refusal to grade Fessler's offense as a first-degree misdemeanor. In sentencing Fessler, the trial court made the following comments:

> [I]n reliance on the Superior Court case involving the refusal enhancement, this Court deems Count 1 to be an ungraded misdemeanor and that the maximum sentence in regard to the charge is six months and not five years.

---

[9] The Supreme Court granted a petition for allowance of appeal in an unpublished decision of this Court, *Commonwealth v Mendez*, 3274 EDA 2011 (Pa. Super. 2012), on the following issue:

> In upholding a sentence that exceeds the statutory maximum explicitly set out in 75 Pa.C.S. § 3803, did not the majority violate the rules of statutory construction in order to avoid what it saw as "problematic consequences" resulting from a straightforward application of the statute?

*Commonwealth v. Mendez*, 71 A.3d 250 (Pa. 2013). The Commonwealth filed a petition for allowance of appeal in *Musau*, and, on February 11, 2014, the Supreme Court placed the petition on hold pending its resolution of *Mendez*. *See* Order, 2/11/2014, *Commonwealth v. Musau*, 501 EAL 2013 (Pa. 2013).

N.T., 10/31/2013, at 8. Presumably relying on **Musau**, the court correctly stated that Fessler's maximum sentence could be no longer than six months. However, the trial court misinterpreted the **Musau** Court's holding regarding the grading of the offense. Indeed, the **Musau** Court concluded that while the Legislature may have intended a second-time DUI offender who refuses chemical testing to be subject to a maximum six-month jail term, it also specified the offense would be graded as a first-degree misdemeanor. **See Musau**, **supra**, 69 A.3d at 758.

Here, Fessler's offense was properly graded as a first-degree misdemeanor on the Criminal Information. However, it is listed as an ungraded misdemeanor on his sentencing order. **See** DUI Intermediate Punishment Order, 10/31/2013. Accordingly, we remand the case with directions to the trial court to correct Fessler's conviction and sentencing record to reflect that his conviction of 75 Pa.C.S. § 3802(a)(1) is graded as a first-degree misdemeanor. In all other respects, we affirm the judgment of sentence.

Judgment of sentence affirmed. Case remanded for correction of the record consistent with this Memorandum. Jurisdiction relinquished.

Judge Musmanno joins the memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/26/2014