J-S54023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STEPHEN CLAYTON EDINGER | |
| Appellant | No. 1874 WDA 2015 |

Appeal from the Judgment of Sentence October 26, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000997-2015

BEFORE: BENDER, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.: **FILED JULY 26, 2016**

Stephen Clayton Edinger appeals from the judgment of sentence entered October 26, 2015 in the Erie County Court of Common Pleas, made final by denial of post-sentence motions on October 28, 2015. The trial court sentenced Edinger to a term of 6 to 12 years' imprisonment with 237 days credit, followed by 1 year of probation after his open guilty plea to manufacturing a controlled substance and possession of drug paraphernalia.[1] On appeal, Edinger argues the trial court imposed an excessive and unreasonable sentence in failing to consider mitigating circumstances. For the reasons set forth below, we affirm the judgment of sentence.

_____

[1] 35 Pa.C.S. §§ 780-113(a)(30) and 780-113(a)(32), respectively.

The trial court described the procedural history as follows:[2]

On September 8, 2015, [Edinger] entered a guilty plea to possession with intent to deliver ("PWID") and possession of drug paraphernalia, as part of a negotiated plea agreement. The remaining counts were *nolle prossed*. On October 26, 2015, [Edinger] was sentenced to the following:

> **Count 5:** 72 months to 144 months of incarceration with 237 days credit, concurrent with any sentence(s) [Edinger] is currently serving; and

> **Count 6**: 12 months of state supervised probation, consecutive to Count 5 above.

On October 28, 2015 [Edinger] filed a Motion for Reconsideration/Modification of Sentence, which was denied by Order dated October 28, 2015.

On November 25, 2015, [Edinger] filed a Notice of Appeal and Concise Statement of Matters Complained of on Appeal, in which he argued his sentence is "manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code," pointing to various mitigating factors.

Trial Court Opinion, 2/13/2016 at 1 (footnote omitted).[3]

The only issue in Edinger's brief represents a challenge to the discretionary aspects of Edinger's sentence.[4] "A challenge to the

_____

[2] Edinger's arrest stems from his own 9-1-1 call on January 24, 2015. Police responded to the call and arrived on the scene, where Edinger was incoherent. The location appeared to be a methamphetamine lab. N.T., 8/17/2015 at 20-23.

[3] Edinger filed a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) on November 25, 2015.

discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Hoch*, 936 A.2d 515, 518 (Pa. Super. 2007 (citation omitted). In order to reach the merits of such a claim, this Court must determine:

> (1) Whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011) (footnotes omitted). Here, Edinger filed a timely post-sentence motion challenging the discretionary aspects of his sentence, as well as a timely notice of appeal. Edinger's Brief includes the requisite statement, pursuant to Pa.R.A.P. 2119(f), setting forth the reasons relied upon for allowance of appeal. Therefore, we may proceed to determine whether Edinger has set forth a substantial question that his sentence is inappropriate under the Sentencing Code. *See Commonwealth v. Titus*, 816 A.2d 251, 255 (Pa. Super. 2003).

*(Footnote Continued)* ———————————

[4] "Sentencing is a matter vested in the sound discretion of the judge, and will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted), *appeal denied*, 980 A.2d 607 (Pa. 2009).

Instantly, the trial court asserts Edinger's claim that the trial court failed to consider mitigating factors is insufficient to state a substantial question. *See Commonwealth v. McNabb*, 819 A.2d 54, 57 (Pa. Super. 2003). However, we recognize a substantial question exists when an appellant sets forth a "colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Bentura*, 975 A.2d 1128, 1133 (Pa. Super. 2009). Pursuant to *Commonwealth v. Samuel*, 102 A.3d 1001 (Pa. Super. 2014) (a claim of an excessive sentence due to failure to consider mitigating factors raises a substantial question), we find Edinger has raised a substantial question.

Although Edinger has raised a substantial question, our review demonstrates his claims are not supported by the certified record. Edinger argues that he deserves a mitigated sentence because he manufactured the drugs for himself and clearly did not intend to distribute them, and because his prior sexual offenses should have minimal bearing on this drug-related case. Edinger's Brief at 4-6. "[Edinger] argues his prior record score ("PRS") of five is due in large part to 'several Statutory Sexual Assault convictions from 2008 and 2009' unrelated to the current offense and his prior conviction for [possession with intent to distribute] was a result of a severe drug addiction." Trial Court Opinion, 1/13/2016 at 4. Implicitly, Edinger

argues that because the crimes he has plead guilty to here are not sexual in nature, his previous sexual offenses should have a minimal impact on his sentence. Edinger claims neither the nature of his previous convictions nor the personal nature of his drug activity were considered by the trial court in its ultimate judgment of sentence.[5] Edinger's Brief at 5-6.

With respect to his prior sexual offenses, the Pennsylvania Sentencing Guideline used by the trial court is comprised of a Prior Record Score and Offense Gravity Score. The Prior Record Score is based on the number of prior convictions and whether past convictions were felonies or misdemeanors, but does not distinguish between past convictions as drug, sexual, or violent offenses. The Offense Gravity Score, however, does take into account the nature of the crime. The Pennsylvania Sentencing Guideline matrix does not require the trial court to take into consideration the natures of Edinger's previous offenses. Additionally, no other authority mandates this consideration. Nevertheless, the trial court specifically stated to Edinger:

> Then I have to balance [your young age and guilty plea] with your criminal record, which starts in the adult system in 2003. And you have a variety of convictions at Clarion County, Armstrong County, Allegheny County, and Erie County, and those include separate sexual assault, statutory sexual assaults, convictions involving minors[,] and **I recognize this is – the**

_____

[5] We note here that Edinger's sentence was at the bottom end of the standard range for his Offense Gravity Score of 11 and Prior Record Score of 5, which is 6 to 7 ½ years' imprisonment. **See** 204 Pa.Code § 303.16(a).

**present offense is not of sexual nature.** But it is concerning that you had the possession with intent to deliver heroin conviction for which you were sentenced in May of 2012, and I'm not sure what credit you got on that, but it appears you may have been on supervision at that sentence when [you] committed this offense.

N.T., 10/26/2015 at 10 (emphasis added).

With respect to Edinger's personal use of the drugs he manufactured, the trial court told Edinger at his sentencing, "[h]eroin kills people every day of the week somewhere, and you're not too far removed from being sentenced on that and now you're involved in the manufacture of another deadly substance which puts yourself and other people at risk." ***Id.*** at 11. In further explaining its decision, the trial court stated:

> [Edinger]'s argument that a mitigated range sentence is warranted because he was manufacturing the methamphetamine for his own personal use to support his addiction is also unpersuasive. While the Court accepts [Edinger]'s addictive conduct, which may serve to explain [Edinger]'s behavior, it does not justify it. The manufacturing of methamphetamine is a hazardous, dangerous undertaking. It does not just endanger the person making the drugs, but the surrounding area and the community at large.

Trial Court Opinion, 1/13/2016 at 4. Accordingly, the certified record belies Edinger's claim that the trial court failed to consider appropriate mitigating factors.

Our review of the record demonstrates the trial court fulfilled its duty in considering all the proper factors, and did not abuse its discretion in sentencing Edinger to 6 to 12 years' imprisonment.[6]

Judgment of sentence affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/2016

---

[6] Our review of the certified record leads us to express our concern about the sufficiency of the guilty plea colloquy, which addressed only one of six questions listed in the Comment to Pa.R.Crim.P. 590 ("Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?"). The trial court also incorrectly informed Edinger that his maximum sentence for Count 5 was 10 years' imprisonment pursuant to 35 Pa.C.S. § 780-113(f)(1.1). N.T., 9/8/2015 at 8. However, in accordance with § 780-115(a), Edinger's actual maximum sentence was 20 years' imprisonment. We remind the trial court, prosecution, and defense counsel of the importance of having a complete colloquy and record thereof. The fact that Edinger has not complained of the completeness of the guilty plea colloquy does not alleviate our concern.