J-S03024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD SCOTT STEPHENS | |
| Appellant | No. 1066 EDA 2015 |

Appeal from the Judgment of Sentence March 10, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000235-2014

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                    **FILED MARCH 29, 2016**

Ronald Scott Stephens appeals the judgment of sentence imposed on March 10, 2015, in the Montgomery County Court of Common Pleas, made final by the denial of post-sentence motions on April 7, 2015.  The trial court sentenced Stephens to a term of four to 10 years' imprisonment, following his non-jury conviction on charges of robbery (fear of bodily injury), robbery (taking property from another by force), theft by unlawful taking or disposition, receiving stolen property, terroristic threats, and simple assault.[1]  On appeal, he challenges the discretionary aspects of his sentence.  Based on the following, we affirm.

---

[1]  18 Pa.C.S. §§ 3701(a)(1)(iv), 3701(a)(1)(v), 3921(a), 3925(a), 2706(a)(1), and 2701(a)(3), respectively.

The trial court set forth the facts and procedural history as follows:

At around 9:30 p.m. on December 27, 2013, [Stephens] entered a Wendy's restaurant on Cheltenham Avenue in Cheltenham, Montgomery County and approached an employee at the register. He leaned in and said "Baby girl, this is a robbery. Give me the money in the register." While [Stephens] said this, he held one hand in his pocket and pointed it in the direction of the counter. After the employee told [Stephens] she was unable to open the register, [Stephens] began to take his hand out of his pocket and instructed the employee that she better figure out how, at which point the employee opened the register and gave [Stephens] the money. [Stephens] took the money and left the restaurant. Based on a description of the assailant, police apprehended [Stephens] about two or three blocks from the restaurant.

The matter proceeded to a bench trial and the undersigned found [Stephens] guilty robbery-fear of bodily injury, one count [of] robbery-taking property from another by force, theft by unlawful taking or disposition, receiving stolen property, terroristic threats and simple assault. The court sentenced [Stephens] to four to 10 years in prison on the charge of robbery-fear of bodily injury. The remaining charges merged for purposes of sentencing.

[Stephens] filed a post-sentence motion. He asserted the charges of robbery, terroristic threats and simple assault were against the weight and sufficiency of the evidence. He also claimed this court failed to place sufficient reasons on the record to support a sentence outside the standard range.

The court denied the post-sentence motion in an order dated April 7, 2015.

Trial Court Opinion, 6/15/2015, at unnumbered 1-2 (record citations and footnotes omitted). This timely appeal followed.[2]

_____

[2] On April 24, 2015, the trial court ordered Stephens to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).
*(Footnote Continued Next Page)*

In his sole issue on appeal, Stephens challenges the discretionary aspects of his sentence, alleging the court did not set forth any specific reasons on the record to justify an aggravated range sentence. Stephens' Brief at 12. Specifically, he states the judge "did not explain why this particular offense is more severe than the normal type of this crime," and moreover, the judge

> wholly failed to consider that this robbery case was in fact less severe than many robbery cases, in that [Stephens] did not possess a weapon of any kind, did not directly threaten to commit any act of violence, did not commit any act of violence and, in fact, never even touched anyone or anything inappropriately until he was handed the money.

*Id.* at 15.[3]

The standard of review for a claim challenging the discretionary aspects of sentencing is well-established:

> Sentencing is a matter vested in the sound discretion of the judge, and will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish,

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

Stephens filed a concise statement on May 7, 2015. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 15, 2015.

[3] Stephens also claims the judge considered an incorrect fact, that the victim-witness was scared to testify at trial, in his decision. We note Stephens addresses this issue for the first time on appeal and failed to raise it at sentencing or in a post-sentence motion. Therefore, this issue is waived. *See* Pa.R.A.P. 302(a). Nevertheless, we note that during sentencing, defense counsel indicated the victim was not a cooperative witness, "the DA had to get a witness warrant and go pick her up and bring her in" and she was "[n]ot the kind of victim, you know, that was running into court." N.T., 3/10/2015, at 11-12.

- 3 -

by reference to the record, that then sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted), *appeal denied*, 980 A.2d 607 (Pa. 2009).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Hoch*, 936 A.2d 515, 518 (Pa. Super. 2007) (citation omitted). To reach the merits of a discretionary issue, this Court must determine:

(1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citation omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

Here, Stephens filed a post-sentence motion challenging the discretionary aspects of his sentence, as well as a timely direct appeal. Moreover, his brief includes the requisite statement pursuant to Pa.R.A.P. 2119(f), setting forth the reasons relied upon for allowance of appeal. *See* Stephens' Brief at 11. Therefore, we may proceed to determine whether Stephens has set forth a substantial question that his sentence is

inappropriate under the Sentencing Code. *See Commonwealth v. Titus*, 816 A.2d 251, 255 (Pa. Super. 2003).

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa Super. 2009) (citation omitted), *appeal denied*, 987 A.2d 161 (Pa. 2009). As noted above, Stephens asserts that the court sentenced him in the aggravated range and failed to state its reasons for doing so on the record. This Court has previously held that such a claim raises a substantial question. *See Commonwealth v. Simpson*, 829 A.2d 334, 338 (Pa. Super. 2003); *Commonwealth v. Booze*, 953 A.2d 1263, 1278 (Pa. Super. 2008), *appeal denied*, 13 A.3d 474 (Pa. 2010). This Court has also determined that a substantial question is raised where, as Stephens also alleges, the court imposed a sentence in the aggravated range without adequately considering mitigating circumstances. *See Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc*).

We note that when imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Moreover,

> "a court is required to consider the particular circumstances of the offense and the character of the defendant."

- 5 -

> ***Commonwealth v. Griffin****, 804 A.2d 1, 10 (Pa. Super. 2002), appeal denied, 582 Pa. 671, 868 A.2d 1198 (2005), cert. denied, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." **Id.** Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Devers**, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988). See also **Commonwealth v. Tirado**, 870 A.2d 362, 368 (Pa. Super. 2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors).*

***Commonwealth v. Moury****, 992 A.2d 162, 171 (Pa. Super. 2010).*

> Furthermore,

> [a] sentencing court may consider any legal factor in determining that a sentence in the aggravated range should be imposed. In addition, the sentencing judge's statement of reasons on the record must reflect this consideration, and the sentencing judge's decision regarding the aggravation of a sentence will not be disturbed absent a manifest abuse of discretion.

***Commonwealth v. Bowen****, 975 A.2d 1120, 1122 (Pa. Super. 2009) (citations and quotation marks omitted); **see also** 204 Pa.Code § 303.13(c) (providing that when imposing sentence in aggravated range sentencing court, "shall state [its] reasons on the record[.]").*

"[A]n appellate court may not disturb a sentence that is within the sentencing guidelines unless it determines that the sentence is 'clearly

unreasonable.'" ***Bowen***, 975 A.2d at 1126 n.5, *quoting* 42 Pa.C.S. § 9781(c).[4]

> A sentence may be found unreasonable if it fails to properly account for [the] four statutory factors [listed in Section 9781]. A sentence may also be found unreasonable if the "sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing." These general standards mandate that a sentencing court impose a sentence "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

***Commonwealth v. Sheller***, 961 A.2d 187, 191 (Pa. Super. 2008), *appeal denied*, 980 A.2d 607 (Pa. 2009).

Here, the trial court had the benefit of a presentence investigation report,[5] and therefore, we will presume it was "aware of all appropriate

_____

[4] In making a reasonableness determination, a court should consider four factors:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d)(1)-(4).

[5] Trial Court Opinion, 6/15/2015, at unnumbered 9.

sentencing factors and considerations." ***Commonwealth v. Downing***, 990 A.2d 788, 794 (Pa. Super. 2010) (citation omitted).

Moreover, the standard sentencing guideline range for Stephens' robbery conviction was 35 to 45 months. N.T., 3/10/2015, at 9. The court sentenced him to four to 10 years' imprisonment, three months above the top end of the standard range. Trial Court Opinion, 6/15/2015, at unnumbered 8. At the time of sentencing, Stephens was 56 years old, this was his ninth robbery conviction, and he was a repeat felony offender ("RFEL"). N.T., 3/10/2015, at 8-9, 14. Additionally, he was on parole when he committed the present offense. ***Id.*** at 13.

Furthermore, the trial court had the opportunity to observe Stephens' behavior at both his trial and sentencing hearing, and to hear his allocution at sentencing. Stephens apologized for his actions, submitted several supportive letters from members of the community, and admitted that he had alcohol and drug issues which he has battled his whole life. ***Id.*** at 2-8.

Lastly, at the March 10, 2015, sentencing hearing, the trial court placed its reasons for the sentence it imposed on the record:

> [C]learly, you are not just a robber, you are prolific. I mean, this is your ninth conviction for robbery. That is unbelievable.
>
> …
>
> In the present case, I have considered your age, the information about yourself that you have presented to me. And it is very impressive and informative. And I have also considered the evidence and the circumstances of the offense.

The fact of the matter is I was the trial judge in this matter. It was a bench trial. So I feel very familiar with this case. And I watched the videotape, saw it all, heard what this young lady had to say, the victim. She thought it was a gun. No question in her mind.

…

So as I say, the facts of the offense have been established by the verdict. So you are admitting to that.

And after considering those factors, I find that there is an undue risk that during the period of any type of probation or partial confinement you will commit another crime. I don't think you would disagree with that otherwise.

…

Clearly, a lesser sentence than I am about to give you would depreciate the seriousness of your crime. I, therefore, find that total confinement is proper.

…

If it wasn't mentioned, you are an RFEL defendant. And that if I have to weigh protecting society versus your rehabilitative needs, I think this is the route that I am mandated by my own conscience to go with.

N.T., 3/10/2015, at 14, 16-19.

Based on the above, our review of Stephens' sentence, pursuant to Section 9781 of the Sentencing Code, leads us to conclude that the court imposed a reasonable and appropriate sentence. It is evident from the court's on-the-record statement that it considered all the requisite factors, including the nature and circumstances of the offense, the recommended guideline range, the protection of the public, the gravity of the offense, and

Stephens' rehabilitative needs, when fashioning his sentence. Moreover, contrary to Stephens' argument, it is clear from the court's statement that it did set forth specific reasons on the record to justify an aggravated range sentence and did consider the mitigating circumstances surrounding the incident. Accordingly, we conclude the court properly exercised its discretion in sentencing Stephens in the aggravated range of the Sentencing Guidelines. Therefore, Stephens' sole issue on appeal does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2016