J. S57004/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
WESLEY A. WILSON, : No. 661 WDA 2015
:
Appellant :


Appeal from the Judgment of Sentence, March 25, 2015,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0008824-2008


BEFORE: FORD ELLIOTT, P.J.E., SHOGAN AND STRASSBURGER,* JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED AUGUST 23, 2016**

Wesley A. Wilson appeals from the judgment of sentence of March 25, 2015, following revocation of his probation. We affirm.

The trial court has aptly summarized the history of this matter as follows:

> In this case, [appellant] pled guilty to one count of criminal trespass, one count of simple assault and one count of criminal mischief on December 10, 2008. The factual basis for the guilty plea was that [appellant] assaulted his girlfriend by punching her in the back of her head and then dragging her and slamming her head onto the hood of a car. The victim ran into her house and [appellant] continued the assault inside the residence. Two females rushed to the victim's aid and they were both assaulted by [appellant]. Relative to the criminal trespass conviction, this Court imposed a sentence of imprisonment of not less than 11½ months nor more than 23 months followed by a term of probation of three years. This

---

* Retired Senior Judge assigned to the Superior Court.

Court imposed concurrent terms of two years' probation on the remaining counts. The probation terms were consecutive to parole but concurrent with each other. [Appellant] was ordered to pay $4,280.79 in restitution.

After he was paroled, [appellant] began serving the probationary portion of his sentence. On January 10, 2010, [appellant] tested positive for marijuana and cocaine. He was warned that continued drug use would result in a probation violation hearing. [Appellant] failed to report to probation. His supervising probation officer contacted [appellant] and [appellant] then reported to his probation officer. During the month of April, 2010, [appellant] failed to report to probation. He was cited as a technical violator for failing to report, failure to pay restitution and failure to abstain from drug use.

On March 9, 2011, [appellant] was arrested and charged with simple assault and terroristic threats. [Appellant] pled guilty to the summary offense of disorderly conduct.

On November 11, 2011, [appellant] was charged with criminal mischief, stalking and terroristic threats for threatening his girlfriend and throwing a brick through the window of her residence. He was ultimately convicted of the charges and placed on two years' probation by another member of this Court. This Court convened a probation violation hearing relative to this conviction. This Court revoked [appellant]'s term of probation and issued a new sentence. [Appellant] was sentenced to a term of imprisonment of not less than 6 months and not more than 12 months followed by three concurrent terms of two-years' probation. [Appellant] continued his poor performance of reporting to his probation officer after he was paroled from this sentence.

On October 15, 2013, [appellant] was arrested again for a domestic incident. These charges were ultimately withdrawn.

[Appellant] was again arrested for a domestic incident. On August 4, 2014 [appellant] pled guilty to simple assault and recklessly endangering another person and was sentenced to a term of probation of two years. As a result of this conviction, this Court convened a probation violation hearing and revoked [appellant]'s probation and sentenced him [to not less than 18 months nor more than 48 months' incarceration, followed by 2 years of probation]. It was this most recent conviction that gave rise to the revocation of probation at issue in this appeal.

Trial court opinion, 7/29/15 at 1-3.

Appellant's motion for reconsideration of sentence was denied, and this timely appeal followed. Appellant has complied with Pa.R.A.P. 1925(b), and the trial court has filed a Rule 1925(a) opinion.

Appellant has raised the following issue for this court's review, challenging the discretionary aspects of his sentence following revocation of probation:

> I. Whether the trial court abused its discretion by revoking and re-sentencing [appellant] to 18-48 months [of] incarceration when it failed to consider relevant and mandatory sentencing criteria, including the rehabilitative needs of [appellant], as required by 42 Pa.C.S.A. § 9721(b)?

Appellant's brief at 5.

Our standard of review is well-settled:

> The imposition of sentence following the revocation of probation is vested within

the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa.Super. 2015), quoting *Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa.Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015). *See also Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*) (this court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges).

Upon revoking probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

- 4 -

42 Pa.C.S. § 9771(c).

***Commonwealth v. Pasture***, 107 A.3d 21, 27-28 (Pa. 2014). We also note that the sentencing guidelines do not apply to sentences imposed as the result of probation revocations. ***Id.*** at 27 (citations omitted).

> An appellant wishing to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so. [***Commonwealth v. Malovich***, 903 A.2d 1247, 1250 (Pa.Super. 2006)]; 42 Pa.C.S.A. § 9781(b). Specifically, the appellant must present, as part of the appellate brief, a concise statement of the reasons relied upon for allowance of appeal. ***Malovich***, 903 A.2d at 1250; Pa.R.A.P. 2119(f). In that statement, the appellant must persuade us there exists a substantial question that the sentence is inappropriate under the sentencing code. ***Malovich***, 903 A.2d at 1250; Pa.R.A.P. 2119(f).

***Commonwealth v. Kalichak***, 943 A.2d 285, 289 (Pa.Super. 2008).

> In general, an appellant may demonstrate the existence of a substantial question by advancing a colorable argument that the sentencing court's actions were inconsistent with a specific provision of the sentencing code or violated a fundamental norm of the sentencing process. ***Malovich***, 903 A.2d at 1252. While this general guideline holds true, we conduct a case-specific analysis of each appeal to decide whether the particular issues presented actually form a substantial question. ***Id.*** Thus, we do not include or exclude any entire class of issues as being or not being substantial. ***Id.*** Instead, we evaluate each claim based on the particulars of its own case. ***Id.***

***Id.*** at 289-290.

In his Rule 2119(f) statement, appellant claims that the trial court failed to consider all relevant and mandatory sentencing criteria, including his rehabilitative needs as required by 42 Pa.C.S.A. § 9721(b). (Appellant's brief at 17.) Appellant's assertion that the trial court failed to consider his rehabilitative needs raises a substantial question. *See Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa.Super. 2013), *appeal denied*, 86 A.3d 231 (Pa. 2014) (finding, *inter alia*, assertion that trial court failed to account for appellant's rehabilitative needs was substantial question suitable for review); *see also Commonwealth v. Macias*, 968 A.2d 773, 776 (Pa.Super. 2009) ("an averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question" (citations omitted)). "Additionally, a substantial question that the sentence was not appropriate under the Sentencing Code may occur even where a sentence is within the statutory limits." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa.Super. 2010), *appeal denied*, 13 A.3d 475 (Pa. 2010), citing *Commonwealth v. Titus*, 816 A.2d 251 (Pa.Super. 2003). Hence, we will consider the merits of appellant's sentencing challenge.

The record reflects that while the trial court did consider appellant's rehabilitative needs, it was clear that prior attempts at rehabilitation had proved ineffective and appellant remained a danger to the public, particularly women:

> I do not believe that allowing [appellant] to reenter the community at this time is a good idea. I do think that a county sentence and county supervision have not worked or else we wouldn't be here. And I think [appellant]'s conduct demonstrates that the longer period of incarceration is required to protect the community and hopefully get his attention while he's still young enough to rethink what he's doing and change his ways.

Notes of testimony, 3/25/15 at 10.

> And you pick on women. Apparently you can't hold your temper or something. I'm not sure what it is. But you physically harm people. And apparently those are women who are close to you in your life from what I'm reading. So you represent a very specific danger to the community that I think the community has tolerated long enough.

*Id.* at 9-10.

Appellant committed further crimes while on probation, including crimes of domestic violence. He tested positive for drugs and refused to report to his probation officer. He has not paid any restitution. (Trial court opinion, 7/29/15 at 6.) He was given several county sentences, but failed to conform his conduct to the law. The trial court did consider appellant's need for treatment and rehabilitation, but ultimately decided that a sentence of total confinement was necessary to protect the public and to vindicate the authority of the court. (*Id.* at 6-7.) *See also* notes of testimony, 3/25/15 at 9 ("But we tried a lengthy county sentence with you, and it made no impression on you from my point of view. You got 11½ to 23 months in this case and you're back harming other women when you get your freedom

back."). The trial court did not abuse its discretion in revoking appellant's probation and re-sentencing him to a state sentence of 18-48 months' imprisonment.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2016