J-S03042-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JASON EARL CAMPBELL, | : | |
| | : | |
| Appellant | : | No. 1277 WDA 2016 |

Appeal from the Judgment of Sentence June 21, 2016
in the Court of Common Pleas of Erie County,
Criminal Division, at No(s): CP-25-CR-0000731-2016

BEFORE:    OLSON, SOLANO, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED MARCH 17, 2017**

Jason Earl Campbell (Appellant) appeals from his June 21, 2016 aggregate judgment of sentence of 174 to 348 months of imprisonment entered after he pled guilty to attempted homicide and firearms not to be carried without a license.  Counsel has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).  We affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

We glean the following facts from the record.  Appellant had some sort of relationship with the victim's wife.  On October 25, 2015, in the middle of the night, Appellant kicked down the door of the victim's home, brandishing a semi-automatic handgun and "not really making a whole lot of sense." N.T., 6/21/2016, at 10.  **See also** N.T., 4/27/2016, at 6.  While the victim's wife attempted to calm Appellant and get him out of the house, Appellant

---

*Retired Senior Judge assigned to the Superior Court.

pointed his gun over her shoulder and shot the victim "at point blank range in the face."[1] *Id.* at 10-11. Appellant did not have a license for the firearm, which he concealed *en route* to victim's house. N.T., 4/27/2016, at 6.

Appellant entered his guilty pleas on April 27, 2016. He was sentenced on June 21, 2016, to a standard-range sentence of 150 to 300 months for the attempted homicide, with a consecutive standard-range sentence of 24 to 28 months for the firearms violation. Appellant timely filed a post-sentence motion seeking a sentence reduction, and timely filed a notice of appeal following the denial of his motion. The trial court ordered the filing of a statement of errors complained of on appeal. Counsel instead filed a statement of intent to file an *Anders* brief pursuant to Pa.R.A.P. 1925(c)(4).

In this Court, counsel filed both an *Anders* brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review.

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the

---

[1] The victim survived the shooting, but "spent a lot of time in the hospital." N.T., 6/21/16, at 11. Although he lost an eye, he retained "all or most of his cognitive functions." *Id.*

- 2 -

right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted). Further, our Supreme Court has specified the following

requirements for the **Anders** brief:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and

**Anders** brief, we conclude that counsel has substantially complied with the

technical requirements set forth above.[2] Thus, we now have the

---

[2] Appellant has not filed a response to counsel's petition to withdraw.

responsibility "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" ***Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting ***Santiago***, 978 A.2d at 354 n. 5).

In his ***Anders*** brief, counsel states the following question for this Court's review: "Whether [A]ppellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?" ***Anders*** Brief at 3.

We consider this question mindful of the following.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

* * *

> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760-61 (Pa. Super. 2014) (internal citations and quotation marks omitted).

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the

appellant has invoked our jurisdiction by considering the following four factors:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Samuel**, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Here, Appellant filed a notice of appeal after preserving the issue by filing a motion to modify sentence, and the **Anders** brief contains a statement pursuant to Pa.R.A.P. 2119(f). We thus consider whether there is a substantial question that Appellant's sentence is inappropriate.

Appellant contends that his sentence is manifestly excessive in light of the mitigating factors present: his youth, his acknowledgment of responsibility, and his rehabilitative potential. **Anders** Brief at 7. This amounts to a claim that the sentencing court failed to give as much weight as Appellant would have wished to mitigating factors. Such a claim does not present a substantial question for our review.[3] **Commonwealth v.**

---

[3] Although a sentencing court's failure to consider altogether the mitigating factors does present a substantial question, **Commonwealth v. Raven**, 97 A.3d 1244, 1253 (Pa. Super. 2014), the sentencing court here had the benefit of a presentence investigation report and thus is presumed to have considered all relevant information. **Commonwealth v. Boyer**, 856 A.2d

- 5 -

***Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) ("[A] claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." (citation and quotation marks omitted)).

Thus, we agree with counsel that Appellant's issue regarding the length of his sentence is frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous."[4] ***Flowers***, 113 A.3d at 1248. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2017

---

149, 154 (Pa. Super. 2004). Furthermore, the sentencing court stated on the record that it considered the evidence Appellant offered at the sentencing hearing, including his acceptance of responsibility. N.T., 6/21/2016, at 12.

[4] We reviewed the record mindful of the fact that by entering a guilty plea, Appellant waived all claims and defenses other than the jurisdiction of the court, the validity of the plea, the legality of his sentence, and the discretionary aspects of his sentence not set by the plea agreement. ***Commonwealth v. Eisenberg***, 98 A.3d 1268, 1275 (Pa. 2014); ***Commonwealth v. Titus***, 816 A.2d 251, 254 n.3 (Pa. Super. 2003).