J-S33015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHARON JACOBOSKY, | |
| Appellant | No. 2004 MDA 2016 |

Appeal from the Judgment of Sentence October 20, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003949-2013

BEFORE:  BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:　　　　　　　　　　**FILED JUNE 09, 2017**

　　　Sharon Jacobosky (Appellant) appeals from the judgment of sentence of 9 to 48 months' incarceration and the payment of restitution, imposed after Appellant pled guilty to one count of theft by failure to make required disposition of funds, 18 Pa.C.S. § 3927(a).  Appellant challenges the court's sentencing her to a state correctional facility rather than allowing her to enter the county intermediate punishment program or sentencing her to probation.  Additionally, Appellant's counsel, Matthew P. Kelly, Esq.,[1] has filed a petition to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v.***

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Attorney Kelly was appointed to represent Appellant on appeal.

***Santiago***, 978 A.2d 349 (Pa. 2009).[2]  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Appellant's conviction was based on the following facts:  namely, that while acting as a caretaker for the 94-year-old victim, Clementine Moseman, and her disabled daughter, and having the victim's Power of Attorney, Appellant used that Power of Attorney to make unauthorized withdrawals from the victim's bank and investment accounts.  Specifically, the court explained:

> [Appellant], who suffers from several health-related conditions, became Moseman's Power of Attorney on October 22, 2009.  The Power of Attorney was revoked on November 3, 2011, when Moseman's niece, Evelyn Hannon, was made Power of Attorney. Hannon discovered a discrepancy in Moseman's bank records and made a complaint of financial exploitation against [Appellant] with the Dallas Borough Police Department on December 9, 2011.  After an investigation and review of Moseman's bank and investment accounts during the time period that [Appellant] had Power of Attorney, the Commonwealth alleged a systematic liquidation of Moseman's investments and that a dramatic increase in checks negotiated by [Appellant] had taken place.  Linda Mill, a Certified Fraud Examiner for the Institute on Protective Services at Temple University, examined the accounts and conducted a forensic audit.  Based upon the results of her examination, Linda Mill found evidence that [Appellant] received $258,538.30 of Moseman's funds between January 1, 2009 and November 4, 2011.

Trial Court Opinion (TCO), 2/15/17, at 1-2.

_____

[2] The Commonwealth has chosen not to submit a brief, indicating that it agrees with Attorney Kelly's position that no non-frivolous issues are apparent in this case.

Following Appellant's entry of her guilty plea and her sentencing, Appellant filed a timely notice of appeal. She also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement in which she raised the following issue: "[Appellant] alleges that the court abused its discretion in failing to sentence her to a county intermediate punishment program for which she is eligible or in the alternative, probation due to [Appellant's] poor physical health." Appellant's Rule 1925(b) Statement, 12/19/16.

As indicated *supra*, Attorney Kelly has filed with this Court a petition to withdraw and an ***Anders*** brief, asserting that the issue Appellant seeks to raise is frivolous, and that she has no other non-frivolous issues that counsel could argue on appeal.

> This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago***. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> >
> > (3) set forth counsel's conclusion that the appeal is frivolous; and
> >
> > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

> *Santiago*, 978 A.2d at 361.  Counsel also must provide a copy of the *Anders* brief to his client.  Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan,* 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014).

After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In the instant case, Attorney Kelly's *Anders* brief substantially complies with the above-stated requirements.  Namely, he includes a brief summary of the relevant factual and procedural history, and provides citations to the record.  He refers to a portion of the record that could arguably support Appellant's claim, and he sets forth his conclusion that Appellant's issue is frivolous.  He explains his reason for reaching that determination, which he supports with legal authority.  Attorney Kelly also states in his petition to withdraw that he has supplied Appellant with a copy of his *Anders* brief, and he attaches a letter directed to Appellant in which he informs her of the rights enumerated in *Nischan*.  Therefore, we conclude that counsel has sufficiently complied with the technical

requirements for withdrawal. We now independently review the record to determine if Appellant's sentencing claim is frivolous, and to ascertain whether there are other, non-frivolous issues Appellant could pursue on appeal.

According to Attorney Kelly, Appellant's claim is a challenge to the discretionary aspects of her sentence, *i.e.*, whether the court abused its discretion in sentencing her to a standard range sentence in a state correctional facility instead of allowing her to participate in the intermediate punishment program.[3] Specifically, in the **Anders** brief, Attorney Kelly recognizes that to challenge the discretionary aspects of sentencing there is no entitlement to appellate review as of right. We agree and note that in **Commonwealth v. Kimbrough**, 872 A.2d 1244 (Pa. Super. 2005), this Court explained:

> A challenge to the discretionary aspects of a sentence requires an appellant to set forth a separate, concise statement of the reasons relied upon for allowance of appeal. Pa.R.A.P. … 2119(f)[.] In addition, the appellant must raise a substantial question as to the appropriateness of the sentence, which would permit us to accept the appeal as to this issue. **Commonwealth v. Boyer**, 856 A.2d 149, [152] (Pa. Super. 2004).

. . .

---

[3] The **Anders** brief contains a concise statement of the reason relied upon for allowance of appeal as to the discretionary aspects of Appellant's sentence; thus, she has complied with the requirements of Pa.R.A.P. 2119(f).

Whether a substantial question has been raised that a sentence is inappropriate under the Sentencing Code must be evaluated on a case-by-case basis. **Commonwealth v. Titus**, 816 A.2d 251 (Pa. Super. 2003). A substantial question exists where the brief sets forth a colorable argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing scheme. **Commonwealth v. Reynolds**, 835 A.2d 720 (Pa. Super. 2003). After careful review and for the reasons that follow, we find that because the sentencing judge imposed sentences that were *within* the standard range of the applicable guidelines, and that he fully stated his reasons for imposing those sentences, no substantial question has been presented.

**Id.** at 1262-63 (emphasis in original).

Here, Attorney Kelly concludes that "[u]pon review of the record, counsel cannot opine that the sentence violates the Sentencing Code or represents a deviation from said Code, thus[,] no abuse of discretion exists and there is no substantial [question] for this [C]ourt to review." **Anders** brief at 7. Furthermore, we recognize that in its Pa.R.A.P. 1925(a) opinion, the trial court noted Appellant's health issues, but stated:

In this case, we reviewed the PSI and heard from [Appellant] and the niece of the now deceased victim. This [c]ourt specifically found that, although [Appellant] was statutorily eligible for an IPP sentence "it would be inappropriate, under the circumstances of the case, as it would diminish the seriousness of the offense in this case." []Sentencing Hearing N.T. at 14, 1, 5-7.[] Further this [c]ourt explained its reasons for the sentence on the record, emphasizing that [Appellant] was in a position of trust with two elderly victims. Id. at 14, 1, 11-12. We also particularly noted that [Appellant] has shown absolutely no remorse. Id. at 14, 1, 15.

TCO at 5.

In light of the record, we conclude that Appellant has failed to assert a substantial question. Thus, we agree with Attorney Kelly that the issue

Appellant seeks to assert on appeal is frivolous, and our independent review of the record does not reveal any other, non-frivolous issues he could present on Appellant's behalf. Accordingly, we grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2017