J-S23009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MAMADOU DIALLO | : | |
| | : | |
| Appellant | : | No. 1956 EDA 2017 |

Appeal from the Judgment of Sentence May 25, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003914-2016

BEFORE: SHOGAN, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 06, 2018**

Appellant, Mamadou Diallo, appeals from the judgment of sentence entered on May 25, 2017, in the Montgomery County Court of Common Pleas. We affirm.

The notes of testimony from Appellant's February 6, 2017 jury trial reveal that on February 9, 2016, Appellant and his girlfriend-accomplice, Ashley Woods ("Woods"), entered a Target department store in Montgomery County, Pennsylvania. The couple put a pair of leggings and a $299.00 child car seat in their shopping cart. Appellant and Woods then approached a self-check-out register. Appellant and Woods scanned the leggings, but they did not scan the car seat. After paying for the leggings, the couple went to the parking lot, put the car seat and leggings inside their vehicle, and departed. Eric Kisielowski ("Kisielowski"), a loss prevention officer at Target, witnessed

_____

* Former Justice specially assigned to the Superior Court.

Appellant and Woods take the car seat from the store without paying for it. Kisielowski followed Appellant and Woods to the parking lot, and he obtained the license plate number of the car the pair drove.[1] Appellant and Woods drove to a different Target store, which was located in Lehigh County, and returned the car seat for a refund. On April 7, 2016, police charged Appellant with retail theft, receiving stolen property ("RSP"), and conspiracy to commit retail theft.[2]

The jury found Appellant guilty of all charges. On May 25, 2017, the trial court sentenced Appellant as follows: RSP, twelve to twenty-four months of incarceration; conspiracy, twelve months of probation to be served consecutively to the sentence for RSP; and no further penalty for retail theft. N.T., Sentencing, 5/25/17, at 10. Appellant filed a timely *pro se* notice of appeal and request to proceed *in forma pauperis* ("IFP") on appeal. The trial court granted Appellant IFP status on June 23, 2017. On August 1, 2017, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days, and the Pa.R.A.P. 1925(b) order was served on Appellant's trial counsel,

---

[1] Utilizing the license plate number, Detective Andrew Moretti of the Plymouth Township Police Department learned that the car belonged to a third party named Danish Jacob. N.T., 2/6/17, at 67. When detective Moretti spoke to Mr. Jacob, he informed Detective Moretti that he lent his car to Woods that day. *Id.* at 68. It was this information that led Detective Moretti to Appellant and Woods. *Id.* at 71-75.

[2] 18 Pa.C.S. §§ 3929(a)(1), 3925(a), and 903(a)(1) respectively.

- 2 -

Dennis Caglia, Esquire. On August 3, 2017, Attorney Caglia filed a petition to file a post-sentence motion *nunc pro tunc*, in order to preserve a challenge to the discretionary aspects of Appellant's sentence. On August 16, 2017, Appellant, through counsel, filed an unopposed motion for an extension of time in which to file his Pa.R.A.P. 1925(b) statement. In this motion, counsel noted that the trial court had not ruled on the petition to file a post-sentence motion *nunc pro tunc*. The next and final document in the certified record is Appellant's September 20, 2017 Pa.R.A.P. 1925(b) statement.

On appeal, Appellant raises the following issue for this Court's consideration:

> Whether the trial court erred when it ruled against [Appellant's] Post Trial Motion which averred that the underlying sentence imposed was unduly harsh and excessive as it relates to the length of the prison term and to mitigation testimony presented?

Appellant's Brief at 4. Appellant's issue is a challenge to the discretionary aspects of his sentence.

When an appellant challenges the discretionary aspects of his sentence there is no automatic appeal; rather, the appeal will be considered a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). Furthermore, as this Court noted in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of

> appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. §9781(b).

**Id**. at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528 (Pa. Super. 2006)).

Appellant has satisfied the first element of the four-part test from **Moury**. Appellant filed a timely notice of appeal. However, as discussed above, while Appellant filed a petition to file a post-sentence motion *nunc pro tunc* to preserve a challenge to the discretionary aspects of his sentence, there is no order in the certified record disposing of this petition. Nevertheless, appended to Appellant's brief is an order dated August 23, 2017. Appellant's Brief at Appendix C. This order granted Appellant's *nunc pro tunc* motion to challenge the discretionary aspects of his sentence, denied reconsideration of his sentence, and directed Appellant to file his Pa.R.A.P. 1925(b) statement within thirty days. While this document does not appear in the certified record or on the trial court's docket, the order is reflected on this Court's docket as a comment to the entry noting the filing of Appellant's notice of appeal. Moreover, the trial court addressed this issue in its Pa.R.A.P. 1925(a) opinion. For these reasons, we decline to find Appellant's challenge to the discretionary aspects of his sentence waived on appeal for failing to file a post-sentence

motion pursuant to Pa.R.Crim.P. 720, and we conclude that Appellant has satisfied the second prong of the four-part test from **Moury**.

Next, we must determine if Appellant provided a proper statement of reasons for allowance of appeal from the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). The Commonwealth argues that Appellant failed to include a separate statement in his brief as required by Rule 2119(f).[3] Commonwealth's Brief at 9. Instead, Appellant included his Pa.R.A.P. 2119(f) statement at the beginning of the argument section of his brief. **See** Appellant's Brief at 8-9. Although we agree with the Commonwealth that Appellant has not strictly complied with Pa.R.A.P. 2119(f) and case law applying the rule, we decline to find waiver. Thus, we are satisfied that Appellant has fulfilled the third requirement from **Moury**.

Next, we must determine if Appellant has raised a substantial question for our review. **Moury**, 992 A.2d at 170.

> A substantial question requires a demonstration that "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular

---

[3] Rule 2119(f) provides as follows:

> **(f) Discretionary aspects of sentence.** An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a **separate section of the brief** a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

Pa.R.A.P. 2119(f) (emphasis added).

- 5 -

fundamental norm underlying the sentencing process." **Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005). This Court's inquiry "must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." **Id**. Whether a substantial question has been raised is determined on a case-by-case basis; the fact that a sentence is within the statutory limits does not mean a substantial question cannot be raised. **Commonwealth v. Titus**, 816 A.2d 251, 255 (Pa. Super. 2003). However, a bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim. **Id**.

**Commonwealth v. Fisher**, 47 A.3d 155, 159 (Pa. Super. 2012). Whether the issue raised on appeal constitutes a substantial question is a matter evaluated on a case-by-case basis. **Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa. Super. 2001).

In his Pa.R.A.P. 2119(f) statement, Appellant avers that his sentence was unduly harsh because the trial court failed to state its reasons for sentencing Appellant in the aggravated range of the Guidelines. Appellant's Brief at 8-9. Specifically, Appellant argues that the trial court did not provide adequate reasons for imposing a sentence in the aggravated range of the Guidelines and failed to give adequate consideration to Appellant's immigration status,[4] his remorse, and his future goals. Appellant's Brief at 13. We conclude that Appellant has raised a substantial question for our

---

[4] Appellant was born in the Republic of Guinea. He is not a citizen of the United States; rather he is a legal permanent resident. Presentence Investigation Report, 4/24/17, at 1. As a legal permanent resident, Appellant is a deportable alien. 8 U.S.C. § 1227.

review. *See Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa. Super. 1999) (stating that when an appellant asserts that the trial court failed to state sufficiently its reasons for imposing a sentence outside of the Sentencing Guidelines, this Court will conclude that the appellant has stated a substantial question).

It should be noted that "sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008). Additionally, an abuse of discretion is not merely an error in judgment; rather, an appellant must establish that the trial court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or reached a manifestly unreasonable decision. *Id*.

The trial court addressed this issue as follows:

The undersigned carefully considered Appellant's PSI report, the nature and grading of his crimes (M-1s), and the mitigating factors presented by counsel. The trial court had a copy of the PSI report and also considered Appellant's immigration status after speaking with Appellant's federal probation officer, which was placed, in part, on the record as follows:

THE COURT: The court does have a copy of the PSI. I had already conferenced with counsel for both sides. During that conference, I was able to get in touch with Appellant's Federal Probation Officer which at that time we had a conference call on speaker phone because I wanted to find out his immigration status, which I was informed at that time and also to find out the status of his Federal Probation.

(N.T. - Sentencing at 3-4.) The trial court also noted the following guideline ranges: For the conviction of theft by receiving stolen property (Count 2), restorative sanctions to nine (9) months' incarceration, plus three (3) months for the aggravated range; for the conviction of conspiracy to commit retail theft (Count 3), restorative sanctions to three (3) months' incarceration, plus three (3) months for the aggravated range. (*Id.* at 5.) Defense counsel also placed on the record that Appellant is from "[Guinea] and faces immigration issues as a result of his convictions"; that his criminal history is insignificant; that he had already been sentenced in both the federal system and Lehigh County to probation. (*Id.* at 6.)

The trial court considered Appellant's immigration status, but such did not ultimately help mitigate his total sentence. The undersigned specifically addressed Appellant's immigration status, as well as[] aggravating sentencing factors on the record, as follows:

> I am someone who comes from a family of immigrants and believes in the American dream and believes that people who want to come here and work hard, should be here. But that's not you. You have been given an opportunity to be here; and since coming to this country as a student at first because of political asylum, you decided to commit a crime for which you were convicted in Federal Court.
>
> You were given probation. You were given an opportunity to stay on the right track and do the right thing. But you did not do that. You committed this crime in Montgomery County and the identical crime in Lehigh County. This is not someone who is taking advantage of opportunities that are given to him. This is not someone who is showing that they want to take advantage of what this country has to offer. Because you are disrespecting the opportunity you were given by committing crime here, by not doing the right thing, and you have done it time and time again. This is not one mistake that you could put on your girlfriend (coconspirator, Ashley Woods) when you committed the same crime in another county.

> Because you were on Federal Probation at the time you committed the crime, because you were given an opportunity to be here that you did not take advantage of and continued to commit more crime, I consider those aggravating factors in this matter.
>
> [A]n additional aggravating factor is leaving when we had sentencing scheduled last week and we had to pick you up on your bench warrant and you tried to run out of the window.
>
> (***Id.*** at 10.) Therefore, the trial court found it appropriate to sentence Appellant to one (1) to two (2) years' imprisonment in an SCI on the charge of theft by receiving stolen property to be followed consecutively by one (1) year of probation on the charge of conspiracy. (***Id.***)

Trial Court Opinion, 11/14/17, at 5-6 (internal footnote, brackets, and ellipses omitted).

As noted, the trial court had the benefit of a PSI, which gives rise to a presumption that the trial court properly considered and weighed all relevant factors. ***See Commonwealth v. Finnecy***, 135 A.3d 1028, 1038 (Pa. Super. 2016) ("[W]here the sentencing judge had the benefit of a [PSI] report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."). Moreover, the trial court stated its consideration of Appellant's immigration status, his recidivism, and his failure to avail himself of the opportunity to rehabilitate through prior sentences of probation. N.T., Sentencing, 5/25/17, at 8-10. For these reasons, we conclude that the trial court carefully considered the appropriate factors and provided its rationale for imposing a sentence in the aggravated range of the

Sentencing Guidelines for RSP. ***Rodda***, 723 A.2d at 214. For these reasons, Appellant is not entitled to relief. Therefore, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/6/18