J-S65045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOHNNY MARCELLUS COLLINS | : | |
| | : | |
| Appellant | : | No. 915 MDA 2019 |

Appeal from the Judgment of Sentence Entered April 30, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0006085-2010

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED JANUARY 23, 2020**

Appellant, Johnny Marcellus Collins, appeals *pro se* from the judgment of sentence imposed by the Court of Common Pleas of Dauphin County (trial court) on remand following this Court's vacatur of the sentence originally imposed by the trial court.  We affirm.

On May 8, 2012, Appellant was convicted by a jury of Delivery of a Controlled Substance and Possession with Intent to Deliver a Controlled Substance (PWID),[1] and Tampering with Physical Evidence, Use or Possession of Drug Paraphernalia, and Possession of Marijuana.[2]  These convictions arose

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 4910(1), 35 P.S. § 780-113(a)(32), and 35 P.S. § 780-113(a)(31), respectively.

out of a September 16, 2010, controlled cocaine buy and a search incident to his arrest on October 19, 2010 for the controlled buy. On July 25, 2012, the trial court sentenced Appellant to consecutive terms of 3 to 6 years' incarceration for Delivery of a Controlled Substance; 5 to 10 years' incarceration for PWID; 1 to 2 years' incarceration for Tampering with Physical Evidence; and 12 months' probation for Use or Possession of Drug Paraphernalia and imposed no further sentence for the Possession of Marijuana conviction. On February 19, 2016, this Court affirmed the judgment of sentence. *Commonwealth v. Collins*, 141 A.3d 599 (Pa. Super. 2016) (unpublished memorandum).

Appellant filed a timely first petition pursuant to the Post Conviction Relief Act (PCRA)[3] on May 4, 2016, which the trial court dismissed without a hearing. Appellant timely appealed the dismissal of this PCRA petition, raising numerous claims of ineffective assistance of counsel challenging both his convictions and sentence. These claims included arguments that his aggregate sentence of 9 to 18 years' incarceration, resulting from the trial court's imposition of the consecutive sentences, was manifestly excessive and unreasonable and that his sentence was illegal under *Alleyne v. United States*, 570 U.S. 99 (2013). On March 19, 2019, this Court vacated the judgment of sentence on the ground that the sentences that the trial court

_____

[3] 42 Pa.C.S. §§ 9541-9546.

imposed for Delivery of a Controlled Substance and PWID were illegal under *Alleyne* and *Commonwealth v. Cardwell*, 105 A.3d 748 (Pa. Super. 2014), and remanded this case to the trial court for resentencing. *Commonwealth v. Collins*, 1175 MDA 2018 at 21-22, 25 (Pa. Super. filed March 19, 2019) (unpublished memorandum). In this memorandum opinion, the Court also addressed and rejected Appellant's other challenges to his convictions and sentence, including his argument that his aggregate sentence was excessive.

On April 30, 2019, the trial court resentenced Appellant to an aggregate sentence of 5 to 10 years' imprisonment, consisting of consecutive terms of 2 to 4 years' incarceration for Delivery of a Controlled Substance; $2^1/_2$ to 5 years' incarceration for PWID; and 6 months to 1 year of incarceration for Tampering with Physical Evidence; and a consecutive period of 12 months' probation for Use or Possession Of Drug Paraphernalia. Appellant filed a timely motion to modify sentence, which the trial court denied on May 16, 2019. This timely appeal followed.[4]

Appellant raises the following single issue for our review:

Whether the Lower Court erred by sentencing Appellant to consecutive terms totaling five (5) to ten (10) years imprisonment constitut[ing] too severe a punishment without regard to his rehabilitative needs?

---

[4] Appellant affirmed at this sentencing that he did not want to be represented by counsel. N.T. Sentencing, 4/30/19, at 2. In addition, at this Court's direction, the trial court held a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), at which Appellant indicated that he did not want counsel to be appointed to represent him in this appeal.

Appellant's Brief at 3. This is a challenge to the discretionary aspects of Appellant's sentence and is therefore not appealable as of right *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*); *Commonwealth v. Bynum-Hamilton*, 135 A.3d 179, 184 (Pa. Super. 2016). Rather, an appeal from the discretionary aspects of a sentence is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the Sentencing Code. *Dempster*, 187 A.3d at 272; *Bynum-Hamilton*, 135 A.3d at 184.[5] No such substantial question exists here.

A claim that a sentence within statutory limits is excessive is generally not sufficient to raise a substantial question, absent a claim that the sentence violates a specific provision of the Sentencing Code or that the sentencing court did not consider the sentencing guidelines or factors concerning the crimes and the defendant that a sentencing court is to consider under the Sentencing Code. *Dempster*, 187 A.3d at 272-23 n.6; *Bynum-Hamilton*, 135 A.3d at 184; *Commonwealth v. Fisher*, 47 A.3d 155, 159 (Pa. Super. 2012); *Commonwealth v. Titus*, 816 A.2d 251, 255–56 (Pa. Super. 2003).

---

[5] An appellant challenging the discretionary aspects of sentence is also required to satisfy other requirements, including filing a timely post sentence motion and complying with Pa.R.A.P. 2119(f). *See, e.g., Dempster*, 187 A.3d at 272. Appellant has satisfied those other requirements here.

Here, there is no claim that the sentence violated any specific provision of the Sentencing Code or that the sentences for the offenses of which Appellant was convicted are not within the sentencing guidelines. Moreover, the record is clear that the sentencing court considered the sentencing guidelines, the pre-sentence report, the relevant factors concerning Appellant, including his lengthy criminal history, and Appellant's crimes in imposing these sentences. N.T. Sentencing, 4/30/19, at 3-9; Trial Court Opinion, 9/9/19, at 5-6. The fact that the sentences were imposed consecutively does not raise a substantial question where the resulting total aggregate sentence is not extremely lengthy for the criminal conduct at issue, there was more than one episode of criminal conduct, and there is no basis for a claim that the sentencing court failed to consider mitigating factors. *Commonwealth v. Radecki*, 180 A.3d 441, 468-70 (Pa. Super. 2018); *Commonwealth v. Zirkle*, 107 A.3d 127, 133-34 (Pa. Super. 2014).

Appellant argues that his sentence is excessive under this Court's decisions in *Commonwealth v. Coulverson*, 34 A.3d 135 (Pa. Super. 2011), and *Commonwealth v. Dodge*, 957 A.2d 1198 (Pa. Super. 2008). Neither of these decisions has any applicability here. In both of those cases, the consecutive sentences that were held excessive resulted in extraordinarily lengthy aggregate sentences that were effectively life sentences. *Coulverson*, 34 A.3d at 148-50 (vacating aggregate 90-year maximum sentence); *Dodge*, 957 A.2d at 1201-02 (aggregate $58^1/_2$-to-124 year

sentence excessive). The aggregate 5 to 10 year sentence here, which does not exceed the statutory maximum for either of Appellant's separate crimes of Delivery of a Controlled Substance and PWID, 35 P.S. § 780-113(f)(1.1), bears no resemblance to those extreme sentences. Indeed, this Court has already held in this case that an aggregate sentence of 9 to 18 years' incarceration for Appellant's convictions "is neither excessive nor unreasonable." *Commonwealth v. Collins*, 1175 MDA 2018 at 18. *A fortiori*, Appellant's much reduced aggregate sentence of 5 to 10 years cannot be viewed as manifestly excessive or unreasonable.

Based on the foregoing, we conclude that Appellant's challenge to the discretionary aspects of his sentence does not raise a substantial question that the sentence was not appropriate under the Sentencing Code. Accordingly, we affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/2020