J-S75040-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONALD EUGENE CLARK, JR. | : | |
| | : | |
| Appellant | : | No. 1267 WDA 2019 |

Appeal from the Judgment of Sentence Entered June 5, 2017
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001111-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONALD CLARK, JR. | : | |
| | : | |
| Appellant | : | No. 1268 WDA 2019 |

Appeal from the Judgment of Sentence Entered June 5, 2017
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000853-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONALD CLARK, JR. | : | |
| | : | |
| Appellant | : | No. 1269 WDA 2019 |

Appeal from the Judgment of Sentence Entered June 5, 2017
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001106-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  |  |  |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONALD GENE CLARK, JR. | : | |
| | : | |
| Appellant | : | No. 1270 WDA 2019 |

Appeal from the Judgment of Sentence Entered June 5, 2017
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001108-2015

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONALD GENE CLARK, JR. | : | |
| | : | |
| Appellant | : | No. 1271 WDA 2019 |

Appeal from the Judgment of Sentence Entered June 5, 2017
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000715-2015

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONALD EUGENE CLARK JR. | : | |
| | : | |
| Appellant | : | No. 1272 WDA 2019 |

Appeal from the Judgment of Sentence Entered June 5, 2017
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000600-2015

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

_____

[*] Retired Senior Judge assigned to the Superior Court.

MEMORANDUM BY PELLEGRINI, J.:               FILED FEBRUARY 18, 2020

Donald Clark, Jr. (Clark) appeals from the judgment of sentence entered on June 5, 2017, by the Court of Common Pleas of Blair County (trial court) following resentencing after his expulsion from the State Intermediate Punishment (SIP) program.[1]  After careful review, we affirm.

I.

We glean the following facts from the certified record.  On November 23, 2015, Clark entered open guilty pleas to the following charges in six cases:

)       CC 600-2015: DUI, General Impairment (Refusal)—First Offense; Driving While License Suspended.[2]

)       CC 715-2015: Habitual Offenders.[3]

)       CC 853-2015: Theft by Unlawful Taking.[4]

_____

[1] State Intermediate Punishment (SIP) is a two-year sentence focused on treating drug and alcohol addiction and facilitating reintegration into the community.  61 Pa.C.S. § 4105(a).  During the two-year sentence, the offender must serve at least seven months in a state correctional facility, a minimum of two months in a community-based therapeutic community (half-way house which provides drug treatment programming), and at least six months in outpatient treatment.  61 Pa.C.S. § 4105(b).  If the offender fails to successfully complete the program, he is resentenced by the trial court following a revocation hearing.  61 Pa.C.S. § 4105(f); 42 Pa.C.S. § 9774.

[2] 75 Pa.C.S. § 3802(a)(1), 1543(b)(1.1)(i).

[3] 75 Pa.C.S. § 6503.1.

[4] 18 Pa.C.S. § 3921(a).

⁂ CC 1106-2015: DUI, General Impairment, BAC .08-.10—First Offense; Driving While License Suspended; Habitual Offenders.[5]

⁂ CC 1108-2015: DUI, High Rate, BAC .10-.16—First Offense; Driving While License Suspended.[6]

⁂ CC 1111-2015: Use/Possession of Drug Paraphernalia.[7]

Sentencing was deferred for Clark to be evaluated for eligibility in the SIP program. Clark was determined to be eligible and in May 2016, the trial court sentenced him to SIP, to be followed by five years of probation.

Clark was expelled from the SIP program in January 2017 due to behavioral problems and was later resentenced by the trial court. At the resentencing hearing, Clark made a statement on his own behalf but presented no additional evidence. Clark informed the trial court that he had not been expelled from SIP because of failure to participate in the required programming. He stated that he could not complete the program because

> [t]hey kept making me, ordering me to a cell with black people, Puerto Rican people, Mexican people. I wasn't used to that. I wasn't able to do that. It wasn't the program. I didn't fail the program. It was . . . I wasn't able to live with these other people. That's all. I know the program well. I know what I need to do to stay sober. I know right from wrong. I just wasn't able to live with a different race.

_____

[5] 75 Pa.C.S. § 3802(a)(2), 1543(b)(1.1)(i), 6503.1.

[6] 75 Pa.C.S. § 3802(b), 1543(b)(1.1)(i).

[7] 35 P.S. § 780-113(a)(32).

Notes of Testimony, Resentencing Hearing, 6/5/17, at 13.

The trial court determined that a period of incarceration was appropriate and resentenced him as follows:

> ♪ CC 600-2015: 6 months' probation for the count of DUI and the mandatory sentence of 2 to 4 years' incarceration for the count of Driving While License Suspended.
>
> ♪ CC 715-2015: 1 to 2 years' incarceration for the count of Habitual Offenders, to be served consecutively.
>
> ♪ CC 853-2015: 6 months to 1 year of incarceration for the count of Theft by Unlawful Taking, to be served concurrently.
>
> ♪ CC 1106-2015: 6 months' probation for the count of DUI, to be served consecutively to the probation at CC 600-2015; 6 months to 1 year of incarceration for the count of Driving While License Suspended, to be served concurrently; and 1 to 2 years' incarceration for the count of Habitual Offenders, to be served consecutively.
>
> ♪ CC 1108-2015: 5 days to six months' incarceration for one count of DUI, General Impairment—Second Offense, to be served concurrently[8]; 90 days of incarceration for the count of Driving While License Suspended, to be served concurrently.
>
> ♪ CC 1111-2015: 6 months' probation for the count of Use/Possession of Drug Paraphernalia, to be served concurrently.

The trial court also imposed fines and costs. The aggregate sentence was four to eight years' imprisonment.

_____

[8] Clark originally pled guilty to one count of DUI, High Rate, BAC .10-.16—First Offense, 75 Pa.C.S. § 3802(b). The parties stipulated to amend the charge to a general impairment DUI, 75 Pa.C.S. § 3802(a)(1), pursuant to the decision in *Birchfield v. North Dakota*, 136 S.Ct. 2160 (U.S. 2016).

On June 13, 2017, Clark timely filed a post-sentence motion challenging the application of time credit to his sentence and arguing that his sentence was excessive and an abuse of discretion. The trial court denied the motion.[9] Clark's appellate rights were reinstated nunc pro tunc and this appeal followed.[10]

## II.

Clark's sole issue on appeal challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." Commonwealth v. Conte, 198 A.3d 1169, 1173 (Pa. Super. 2018) (citation omitted). An appellant must preserve his claims at the time of sentencing or in a post-sentence motion, file a timely notice of appeal, include a statement of reasons for allowance of appeal pursuant to Rule of Appellate Procedure 2119(f) in his brief, and raise a substantial question for review. Commonwealth v. Dempster, 187 A.3d 266, 272 (Pa. Super. 2018).

_____

[9] The trial court issued a "clarified order" on August 24, 2017, indicating that Clark was entitled to all time credit as calculated by Blair County Prison and the Department of Corrections, which included time spent in SIP. Clark filed a second post-sentence motion following this order, raising issues not germane to his current appeal, and that motion was denied.

[10] The trial court did not order Clark to file a concise statement pursuant to Pa.R.A.P. 1925; thus, we do not deem his issues waived for failure to file a concise statement. Commonwealth v. Antidormi, 84 A.3d 736, 745 n.7 (Pa. 2014) (defendant does not waive issues for failure to file concise statement when the trial court did not order him to do so).

We first examine whether Clark properly preserved his claim in his post-sentence motion. Clark's motion challenged the discretionary aspects of his sentence in a single paragraph with a bald claim of excessiveness: "Your defendant further avers that resentencing him to an aggregate sentence of four (4) to eight (8) years['] incarceration is excessive and constitutes an abuse of discretion." Post-Sentence Motion, 6/13/17, at Paragraph 16. See Commonwealth v. Titus, 816 A.2d 251, 255-56 (Pa. Super. 2003) (a bald claim of excessiveness does not raise a substantial question for review).

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302. Thus, all issues related to the discretionary aspects of a sentence must be raised in the first instance during sentencing proceedings or in a post-sentence motion, so as to allow the trial court to reconsider the sentence based on those arguments. Commonwealth v. Smith, 206 A.3d 551, 567 (Pa. Super. 2019). Clark contends for the first time in his appellate brief that the trial court failed to consider mitigating circumstances or place sufficient reasons on the record for sentencing him in the aggravated range of the sentencing guidelines. As these arguments were not presented in his post-sentence motion and, thus, were not considered by the trial court, they are waived. Smith, supra.

Even if Clark had properly preserved his challenge to the discretionary aspects of his sentence, we would find it meritless. Clark's argument that his sentence was excessive is predicated on his view that the sentence exceeded

the standard range of the sentencing guidelines. See Clark's Brief at 7-10. However, at the time of Clark's resentencing,[11] the sentencing guidelines did not apply to sentences imposed following revocation of SIP. 204 Pa. Code § 303.1(b). As the trial court was not required to consider the sentencing guidelines, it did not abuse its discretion by failing to do so. Further, we note that Clark's sentence of two to four years' incarceration for Driving While License Suspended was a mandatory minimum as it was his third offense. See 75 Pa.C.S. § 1543(b)(1.1)(iii). The trial court then imposed consecutive periods of incarceration for two counts of Habitual Offenders, with all other periods of incarceration and probation imposed concurrently. A defendant is not entitled to a volume discount for crimes through the imposition of concurrent sentences, and the trial court did not abuse its discretion by imposing consecutive sentences at two counts. See Commonwealth v. Radecki, 180 A.3d 441, 470-71 (Pa. Super. 2018).

Moreover, Clark contends that the trial court did not recognize that he had attended and benefitted from the programming in SIP. Clark argues that the trial court sentenced him to four to eight years of incarceration without acknowledging his progress because it impermissibly relied on Clark's

---

[11] The Legislature has since ordered the Sentencing Commission to develop sentencing guidelines applicable to revocation hearings. 204 Pa. Code § 307.1. However, these guidelines will apply only to offenses committed on or after January 1, 2020. 204 Pa. Code § 307.2(b).

admitted racial prejudice to justify the sentence. Again, this position has no merit. In imposing its sentence, the trial court stated:

> this defendant has had an adult lifetime history of failure to comply with any probation or any DUI laws and has accumulated habitual offender status with great chronicity being the underlying issue. The Court further notes that the defendant has received any and all community supervision at various levels, was given the most intensive program that the state can offer with the [SIP] Program and was behaviorally discharged for his inability to adjust to the community in which he was committed. We consider this all factored into the Court's decision that further incarceration is necessary for protection of this community and for Mr. Clark's own well-being.

Notes of Testimony, Resentencing Hearing, 6/5/17, at 7-8. The trial court considered Clark's history of offending, his inability to address his problems with addiction while in the community, and his repeated disregard for the safety of himself and the community when it imposed its sentence. The sentence reflects the severity of Clark's course of conduct in accruing habitual offender status and six lifetime DUI convictions. Id. at 14. The trial court did not abuse its discretion in imposing an aggregate sentence of four to eight years' incarceration under these circumstances.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2020

- 9 -